CANNON v. LUNSFORD.

Opinion delivered January 18, 1909.

1. APPEAL AND ERROR—TIME—CONSTRUCTION OF ACT.—The act of March 16, 1899, providing that an appeal or writ of error must be taken within one year after the rendition of a judgment, order or decree, with an exception in the case of an infant or person of unsound mind, applies only to judgments, orders and decrees rendered after the act took effect. *Rankin* v. *Schofield*, 70 Ark. 83, followed. (Page 67.)

2. SAME—QUESTIONS RAISED.—Where a decree was rendered against a brother and sister, both infants, and the brother alone appealed, he cannot on the appeal question the validity of the decree against the sister, though by her subsequent death he has succeeded to her rights as her sole heir at law. (Page 68.)

3.  WRITS AND PROCESS—WARNING ORDER—SUFFICIENCY OF AFFIDAVIT.—A warning order is not void because it was issued on an affidavit made three days before issuance of the warning order.  (Page 68.)

4.  SAME—PROOF OF PUBLICATION OF WARNING ORDER.—Sand. & H. Dig., § 4685, providing that the affidavit of the editor, proprietor, manager or chief accountant of a newspaper "shall be sufficient evidence of publication" of a notice or other advertisement required by law or order of court, does not make such affidavit the sole evidence of publication, nor preclude parol evidence from being received for that purpose.  (Page 69.)

5.  APPEAL AND ERROR—FAILURE TO BRING UP EVIDENCE—PRESUMPTION.— Where the record recites that oral testimony was taken at the bar of the court, and that the court found that the defendants had been legally warned of the pendency of the suit, and the oral testimony is not in the record, it will be presumed that it proved the publication of the warning order.  (Page 69.)

6.  SAME—HARMLESS ERROR.—A decree against an infant defendant will not be reversed because the answer of the guardian *ad litem* contained no specific denial of all the material allegations of the complaint, if all the material allegations were proved by the evidence and the decree is not based on the failure of the answer to contain these denials.  (Page 69.)

Appeal from Craighead Circuit Court in Chancery; *James E. Riddick*, Judge; affirmed.

*Wm. G. Lynn* and *Mathes & Westbrooke*, for appellant.

1.  The affidavit for warning order, made on some day prior to the filing of the complaint, is not in compliance with the statute, and does not warrant the issuing of a warning order. Sandels & Hill's Digest, § 579.

2.  The warning order was fatally defective as to Nealey Cannon, her name there appearing as Nellie; and the appointment of guardian *ad litem* was likewise defective, her name appearing in that order as Nettie. There is no similarity in the names, and the doctrine of *idem sonans* does not apply. Anderson's Law Dict., "Idem;" 71 Ark. 565.

3.  No attorney having been appointed to notify defendants of the pendency of the action, etc., this was a denial to them of the protection guarantied by statute. Kirby's Digest, § 6254,

4.  The defense interposed by the guardian *ad litem* was inadequate in that he failed to make denial of two vital matters

involving the title of the minor defendants.   44 Ark. 236; Kirby's Digest, § 6023.

5.   The statute did not authorize proof of publication of a warning order by the affidavit of the publisher.   Sandels & Hill's Digest, § 4685.

*Lamb & Caraway,* for appellee.

1.   The affidavit for warning order appears to have been made December 21st, but, there being no legal evidence to show that the complaint was subsequently filed, the presumption is that it was filed at or before the time the affidavit was made.   But if in truth the complaint was filed three days afterwards, the difference in time is too short to be fatal to the warning order.

2.   The doctrine *"idem sonans"* applies as to the defendant Nealy Cannon.   55 Ill. 498; 4 Minn. 325; 68 Mo. 84; 2 Phila. 35; 37 Ala. 106; 110 Cal. 155; 163 U. S. 452; 2 Wash. C. C. 201; 10 Ala. 370; 17 Ala. 179; 37 Ala. 148; 72 Ala. 220; 1 Ark. 503; 7 Ark. 70; 12 Ark. 128; 20 Ark. 95; 21 Ark. 462; 62 Ark. 516.

3.   The answer of the guardian was sufficient.

4.   While the affidavit to prove publication of the warning order was not in form required, yet there was oral proof adduced in court upon the trial, and the decree recites that the warning order was published in manner and form as required by law. The oral proof was not brought into the record here.   The presumption is that this oral proof justified the findings of the decree.

5.   The appeal was taken by Ollie Cannon, and as to him the record is sufficient.   No appeal could be taken by Ollie Cannon in behalf of Nealey Cannon, hence her interest is not involved.   No reversal could be had as to her on this appeal.

*Wm. G. Lynn* and *Mathes & Westbrooke,* for appellant in reply.

1.   Proof of publication of a warning order must be found in the affidavit, and not in oral proof.   39 Ark. 61; 11 Ark. 120; 14 Ark. 408; 30 Ark. 719; 52 Ark. 312; 51 Ark. 34.

2.   This appeal is prosecuted by Ollie Cannon as to the entire case, and rightfully so, and not as to an undivided half interest in the subject-matter.   Nealey Cannon died in infancy intestate, owing no debts, leaving no father, mother, sister or

brother except appellant. He became the owner of her half interest, and was the only person who could prosecute the appeal. Kirby's Digest, § 5; 26 Ark. 344; 32 Ark. 82; 33 Ark. 665; 41 Ark. 88; 34 Ark. 665.

McCULLOCH, J. In December, 1892, appellee, A. L. Lunsford, filed his complaint in equity against appellant, Ollie Cannon, and his sister, Nealey Cannon, both of whom were non-resident infants, to enforce a vendor's lien on certain land for the payment of notes executed by their father, J. W. Cannon, to Matthews & Whittaker for the purchase price of said land which was conveyed by the latter to J. W. Cannon, said notes having been transferred to appellee. .J. W. Cannon died before the commencement of the suit, leaving his said two children as only heirs at law. The defendants were brought in by publication of warning order, and the court rendered a final decree on October 17, 1893, condemning said land for sale to raise funds for payment of the notes sued on.

On June 16, 1908, Ollie Cannon filed in the office of the clerk of this court his affidavit and prayer for appeal, alleging, in substance, that he and his sister, Nealey Cannon, were infants at the time of the rendition of said decree; that he had arrived at twenty-one years of age within six months before the application for appeal; and that Nealey Cannon died intestate while an infant, without issue, leaving him, the said Ollie Cannon, as her sole heir at law.

The statute regulating appeals to the Supreme Court, which was in force when the decree in question was rendered, reads as follows: "An appeal or writ of error shall not be granted, except within three years next after the rendition of the judgment or order, unless the party applying therefor was an infant, married woman, or of unsound mind, at the time of its rendition, in which cases an appeal or writ of error may be granted to such parties, or their legal representatives, within one year after the removal of their disabilities, or death, whichever may first happen." Sand. & Hill's Digest, § 1207.

The statute has been amended by the act of March 16, 1899, but the amendment has no application to the decree in this case. *Rankin* v. *Schofield,* 70 Ark. 83.

Appellant challenges the validity of the decree against his

sister, Nealey Cannon, on the ground that the warning order in the case named her as *Nellie* Cannon, which, he contends, was not of the same sound as her true name. He has not, however, put himself in position to raise this question here. If it be conceded that an heir at law is the *legal representative* of a deceased infant, within the meaning of the statute above quoted giving the right of appeal, he has not shown that the appeal was prayed within a year after the death of his sister. He can not, by the appeal in his own right from the decree, raise a question about the validity of the decree against a party to the suit other than himself, for to do that would be to extend the right of appeal beyond the limits prescribed by the statute. When one appeals from a decree rendered against him while he was an infant, he challenges the correctness of the decree only as far as it affects his rights which existed at the time of its rendition, and not rights which he afterwards acquired by inheritance or otherwise. We can not, therefore, on this appeal review the decree against Nealey Cannon, and must confine ourselves to a decision as to the correctness of the decree against the appellant Ollie Cannon.

Appellant questions the correctness of the proceedings in several particulars. In the first place, he shows that the affidavit for warning order filed with the complaint shows that it was made three days prior to such filing, and he contends that this was not sufficient to authorize the issuance of a warning order on the ground that the defendants were non-residents of the State at the time of the commencement of the action. His contention is that the affidavit setting forth the fact of the defendant's non-residence must be made precisely at the time of the commencement of the action, otherwise it does not authorize the issuance of a warning order. We think that is too strict an interpretation of the statute. Of course, it requires that the non-residence of the defendant be proved by affidavit to exist at the time the warning order is sought, but an affidavit made a day or two before and filed with the complaint establishes that fact, within the meaning of the statute. It is not essential that the oath be administered to the affiant simultaneously with the filing of the affidavit and issuance of the warning order. Such a requirement would reduce the statute to an absurdity. Of course, we do not mean to

hold that an affidavit of non-residence made at some remote date would authorize the issuance of a warning order.

The next question raised against the proceedings is that publication of the warning order was not proved. There appears in the record an affidavit of the *publisher* of the newspaper in which it was published. The statute in force at that time (act April 14, 1891, Sand. & Hill's Digest, § 4685) provides that the affidavit of the "editor, proprietor, manager or chief accountant" shall be sufficient evidence of publication, but it does not mention the publisher of the newspaper as one who may make the affidavit. This statute did not make the affidavit of the "editor, proprietor, manager or chief accountant" the sole evidence of the publication, and other methods could have been resorted to of proving the publication. Parol evidence could be received by the court for that purpose. *Clay* v. *Bilby,* 72 Ark. 101; *Porter* v. *Dooley,* 66 Ark. 1; *Scott* v. *Pleasants,* 21 Ark. 364.

The record in the present case recites that the case was heard by the court on the pleadings, depositions of witnesses and "oral testimony taken at the bar of the court," and that the court found "that the defendants had been legally warned of the pendency of this suit by warning order duly published," etc. The oral testimony is not in the record, and we must therefore indulge the presumption that it proved the publication of the warning order. *White* v. *Smith,* 63 Ark. 513; *Gaines* v. *Winters,* 64 Ark. 609.

It is also contended that the decree should be reversed because the answer of the guardian *ad litem* contained no specific denial of *all* the material allegations of the complaint. No prejudice resulted from this, as all the material allegations were proved by the evidence, and the decree is not based on the failure of the answer to contain these denials.

Decree affirmed.