ALLEN *v.* ALLEN.

Opinion delivered November 13, 1916.

1.  WARNING ORDER—PUBLICATION—PRESUMPTION.—Where the record is incomplete, on appeal it will be presumed that the omitted testimony was sufficient to establish the finding of the court that the warning order had been duly published.

2.  WARNING ORDER—PROOF OF PUBLICATION.—The affidavit of the editor, etc., of a paper in which a warning order has been published, is not the sole evidence of its publications, but the court may hear other evidence establishing that fact.

3.  DIVORCE—APPOINTMENT OF ATTORNEY AD LITEM.—In an action for divorce, the appointment of an attorney *ad litem* for the non-resident defendant, held to have been properly done.

4.  DIVORCE—JURISDICTION OVER DEFENDANT'S PROPERTY.—The Statute authorizes the court to set apart to the plaintiff in a divorce case, one-third of all the husband's real estate, and the filing of a complaint describing the property gives the court jurisdiction over it for the purposes of making an award in accordance with the terms of the Statute; no attachment or other method of sequestration is necessary in order for the court to acquire jurisdiction.

5.  DIVORCE—SALE OF HUSBAND'S LANDS—NECESSITY FOR BOND—CONSTRUCTIVE SERVICE.—Where the husband is defendant in a divorce suit, and being a non-resident was constructively served, Kirby's Digest § 6254, Sub-division 2 applies, and the wife will be required to give bond, in the event the husband's property is sold under decree of the court.

6.  DIVORCE—SALE OF DEFENDANT'S LANDS—ABSENCE OF BOND.—Where lands belonging to defendant, a non-resident, were sold under decree

in divorce proceedings, where the bond of plaintiff appears nowhere in the record, and there is no evidence of its having been given, the presumption that the same was given will not be indulged.

7.  DIVORCE—DISPOSITION OF HUSBAND'S PROPERTY.—In an action for divorce, when defendant was constructively served, it is the duty of the court, in dealing with his property to obey the Statute, Kirby's Digest, § 6256, which provides that where a bond is not given the court may enter a judgment ascertaining the rights of the parties, but shall retain control over and preserve the property, or proceeds thereof which may have been attached on the action, until the expiration of the period allowed to the defendent to appear and make defense.

8.  DIVORCE—PROCEEDS OF SALE OF SALE OF HUSBAND'S LANDS.—Where the lands of a non-resident defendant are sold in a divorce proceeding, brought by the wife, the fact that the wife is allowed a life estate in the lands set apart to her, precludes the idea that she is to have the total amount of the proceeds arising from the sale of that interest, and it is the duty of the court, in cases of sale, to ascertain the present value of the interest and order it to be paid over to her, or otherwise protect her in the enjoyment of her interests.

Appeal from Prairie Chancery Court, Southern District; *Jno. M. Elliott*, Chancellor; reversed.

*C. B. & Cooper Thweatt*, for appellant.

1.  The decree was rendered on constructive service and every fact necessary to jurisdiction must affirmatively appear.  48 Ark 246.  The publication of the warning order did not comply with the statutes. The last three insertions were after the proof was filed and two of them after the decree.  Kirby's Digest, § 6188 as amended by Act 290, Acts 1915.  The presumption is that the decree was based on the proof of publication and there is no presumption that other evidence was heard.  94 Ark. 338; 89 *Id*. 573; 72 *Id*. 108.  This is a direct attack on the judgment.  92 Ark. 148.

2.  The attorney *ad litem* was not appointed 30 days before the decree.  Kirby's Digest, § 6254; 50 Ark. 439.

3.  No indemnifying bond was given.  Kirby's Digest, § 6263; 2 Black on Judg., Art. 925.

4. It was error to award dower. 59 Ark. 448; Kirby's Digest, § 6259; 2 Encl. Pl. and Pr., 103.

5. A judgment by default will be set aside if service is not shown. 68 Ark. 561.

*J. M. McClintock* and *W. A. Leach,* for appellee.

1. The appellant was properly served with process. Other evidence than the proof of publication was heard and the presumption is that service was shown. 89 Ark. 64; 72 *Id.* 101; 66 *Id.* 1; 21 *Id.* 364. The record recites that defendant was duly served by warning order and that is *prima facie* evidence of service, unless otherwise shown. 72 Ark. 266; 66 *Id.* 1; 63 *Id.* 513; 57 *Id.* 49; 25 *Id.* 40 and cases *supra;* Kirby's Digest, § 4425.

2. The attorney *ad litem* was duly appointed and in time. Kirby's Digest, § 6254. The presumption is that the clerk performed his duty. 8 Ark. 30.

3. Under Kirby's Digest, § 2684, the wife was entitled to one-third of the personal property absolutely and one-third of the lands for life, or a dower interest. 64 Ark. 518. This is in addition to alimony. Kirby's Digest, § § 2861-2-3.

4. No attachment was necessary and the lands, as they could not be divided were properly ordered sold. *Ib.* § 2684.

5. No bond was necessary before judgment. The record is silent on this question; the presumption is that the bond was given. It is only in attachments for debt that the bond is required.

McCULLOCH, C. J. Appellee filed her complaint in the chancery court of Prairie county, Southern District, on September 29, 1915, against appellant, her husband, in which she set forth desertion as grounds for divorce, and also set forth a description of certain real estate owned by appellant, and prayed that on final decree an interest in the lands be awarded her in accordance with the terms of the statute. The omission of a prayer for divorce was an obvious error which

was corrected by an amendment to the complaint filed on the next day.

An affidavit was filed with the complaint showing that defendant was a non-resident of the State, and a warning order was made by the clerk and indorsed on the complaint, summoning the defendant to appear. There appears also an indorsement on the complaint showing the appointment of an attorney *ad litem* for the defendant. The affidavit of the proprietor of a certain newspaper was filed on November 1, 1915, in proof of the publication of the warning order, and in said affidavit it was stated that a warning order had been published four times, viz.: on October 30th, November 7th, November 14th, and November 21, 1915. A written report of the attorney *ad litem* for the non-resident defendant was filed in open court on November 1, 1915, and on November 12, 1915, the court rendered a final decree in favor of appellee, granting a divorce from the bonds of matrimony and awarding her one-third of the lands of appellant in that county, pursuant to the terms of the statute which provides that in every final judgment for divorce granted to the wife against the husband she "shall be entitled to one-third of the husband's personal property absolutely, and one-third of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage for her life, unless the same shall have been relinquished by her in legal form, and every such final order or judgment shall designate the specific property both real and personal, to which such wife is entitled." Kirby's Digest, Sec. 2684.

The court further found that the said interest of appellee could not be allotted to her in kind, and an order of sale was made directing the clerk of the court, as commissioner, to sell the land at public outcry and to pay over to appellee one-third of the gross proceeds of said sale. The decree recited that appellant had been duly served by publication of warning order, but had made default, and that the cause was heard upon the complaint, "the proof of

warning order," the depositions of appellee and another witness, "and other evidence adduced at the hearing." It does not appear in the record what the other evidence consisted of. Within six months from the date of said decree, appellant, through his attorney, appeared before the clerk of this court and prayed an appeal, which was granted.

(1-2) The first point made is that the proof of publication of the warning order shows an insufficient publication, in that the last three insertions in the newspaper occurred after the proof was filed and two of them after the date of the decree. This was obviously a clerical error in the preparation of the affidavit attached to the warning order, for the affidavit was filed on November 1st, and the language is contradictory in stating that it had been published four times, the last three dates being subsequent to the date of the affidavit and two of them being subsequent to the date of the decree of the court. The statute (Kirby's Digest, Sec. 4924) does not make the affidavit of the editor, proprietor, etc., the sole evidence of publication, and the court may have heard other evidence establishing the fact that the warning order had been duly published. The record being incomplete, we must indulge the presumption that the omitted testimony was sufficient to establish the finding of the court that the warning order had been duly published. *Cannon v. Lunsford,* 89 Ark. 64.

(3) It is contended that the record fails to show that the attorney *ad litem* was appointed thirty days prior to the date of judgment, as required by statute, but we think that this contention is unsound, and that the record fairly reflects the fact that the appointment was made by the clerk on the date of the filing of the complaint, which was more than thirty days before the decree. The appointment was indorsed on the back of the complaint and appears between the warning order and the filing marks of the clerk, which show the date of filing and the issuance of the warning order. We are of the opinion that this is sufficient,

in the absence of other evidence showing affirmatively that the appointment was not made thirty days prior to the rendition of the decree.

(4)   It is next contended that as there was no attachment issued and levied seizing the property of appellant, and that there was nothing to give the court jurisdiction of the *res* so as to justify a decree awarding a portion of the property to appellee.   In support of this contention counsel quote from Black on Judgments (Vol. II, Sec. 925), where the rule is stated that a decree for a divorce is one in *rem* but that the decree for alimony is one in *personam* and that the property must be seized under process of the court before jurisdiction is acquired.   It is a mistake to assume that a suit for a division of property in a divorce proceeding is not a proceeding in *rem*.   The statute authorizes the court to set apart to the plaintiff in a divorce case one-third of all the real estate, and the filing of a complaint, describing the property gives the court jurisdiction over it for the purposes of making an award in accordance with the terms of the statute.   No attachment or other method of sequestration is necessary in order for the court to acquire jurisdiction.

It is next urged that the court committed error in rendering final judgment without requiring appellee to give bond' as required by statute in cases of judgments against defendants who have been constructively summoned.   The statute provides that before a judgment is rendered against a defendant constructively summoned, and who has not appeared, a bond must be executed "to the effect that if the defendant, within the period prescribed by law, shall appear, make defense and set aside the judgment, the plaintiff shall restore to him the property taken under any attachment in the action, or under the judgment therein, the restoration of which may be adjudged, and pay to the defendant such sums of money as the court may award to him." Kirby's Digest, Sec. 6254, subdivision 2.

(5)   Counsel for appellee say in response to this contention that the general statute quoted above with reference to giving bond in cases of constructive service does not apply to a suit of this kind.   Of course, it does not apply to an ordinary divorce case, where no property rights are involved, inasmuch as the bond is only to afford security for the restoration of property which may be taken by attachment or under the judgment, but we perceive no reason why the statute, though of a general nature applicable to all proceedings, should not apply to that portion of a divorce suit which authorizes a division of the property. No attachment is required in the case, as we have already said, but the statute provides that the bond is to compel the restoration of property taken under the judgment, and it seems to us that the effect of a decree under this statute is to take the property away from the defendant by the decree of the court.   We are of the opinion, therefore, that the statute applies and it was error for the court to render judgment completely depriving the appellant of his right to restoration of the property or proceeds in the event that he should appear and show cause sufficient to set aside the decree.

(6-8)   The transcript, which bears the clerk's certificate showing that it contains a complete record, does not include the bond, and there is no reference anywhere in the decree to the giving of a bond.   Therefore we cannot indulge the presumption that the bond was given.   Now, the statute further provides that if the bond be not given "the court may enter a judgment ascertaining the rights of the parties, but shall retain control over and preserve any property, or the proceeds thereof, which may have been attached in the action, until the expiration of the period allowed to the defendant to appear and make defense."   Kirby's Digest, Sec. 6256.   Instead of making an order preserving the property, the court ordered it sold and one-third of the gross amount of the proceeds paid over to appellee. This action of the court was clearly in conflict with

the plain letter of the statute and was erroneous. Moreover, the court erred in decreeing to appellee one-third of the gross amount of the proceeds of sale. The statute, it will be noted, only gives the wife who is granted a divorce one-third of the real estate for life, and the effect of the court's decree was to give her an absolute interest in the property by turning over to her one-third of the gross amount of the proceeds. It is true the statute further provides that if the real estate cannot be divided without prejudice to the parties, the court shall order a sale thereof by a commissioner and that "the proceeds of every such sale after deducting the cost and expenses of the same, including the fee allowed said commissioner by said court for his services, shall be paid into said court and by the court divided among the parties in proportion to their respective rights in the premises." Kirby's Digest, Sec. 2684. The fact that the wife is only allowed an estate for life in the lands set apart to her precludes the idea that she is to have the total amount of the proceeds arising from the sale of that interest, but it is the duty of the court in cases of sale to ascertain the present value of the interest and order it to be paid over to her, or otherwise protect her in the enjoyment of her interests.

The decree of the chancellor is affirmed insofar as it grants a divorce to appellee and awards to her an undivided third of the lands for life, but that part of the decree which directs a sale of the land and distribution of the proceeds is reversed and the cause is remanded for further proceedings in accordance with the law.