## WALKER *v.* WALKER.

### Opinion delivered February 14, 1921.

1. DIVORCE—VALIDITY OF JUDGMENT ON CONSTRUCTIVE SERVICE.—In an action for divorce against a nonresident on constructive service of process, a decree for recovery of attorney's fees and alimony is strictly personal, and the court has no power to render such decree.

2. DIVORCE—ALIMONY IN GROSS SUM.—A decree for alimony was erroneous where it awarded a gross sum, instead of a continuing allowance.

3. DIVORCE — VOID DECREE — MERITORIOUS DEFENSE.—The contention that a so-called "motion for new trial" was properly overruled for the reason that a meritorious defense was not set up therein and verified by affidavit was not well taken where the personal decree for attorney's fee and alimony was void on its face, so that an appeal could be prosecuted without moving to set aside the judgment.

4. APPEARANCE—TAKING APPEAL.—A defendant who appeals from a decree for want of personal service enters his appearance in the cause for all purposes.

Appeal from Drew Chancery Court; *E. G. Hammock,* Chancellor; reversed.

*W. A. Singfield,* for appellant.

1. The court erred in rendering a personal judgment against defendant, as he was a nonresident of the State and was only constructively summoned. He did not appear in the trial nor consent to the mode of service, and the judgment for attorney's fees and alimony is void. 95 U. S. 714; 21 R. C. L. 1299; 42 Ark. 268; 16 L. R. A. 231.

2. The court erred in decreeing a certain sum of money as alimony (38 Ark. 324), and in declaring it a lien on the defendant's lands. 38 Ark. 119; *Ib.* 477.

3. It was error to overrule appellant's motion for new trial. Kirby's Digest, § 6259. The statute is mandatory.

*H. L. Veazey,* for appellee.

1. The court was correct in rendering a personal judgment against defendant for attorney's fees and ali-

mony. 189 S. W. 841; Kirby's Digest, § 2682.

2. The court having jurisdiction did not err in decreeing a certain sum as alimony.

3. The court correctly overruled the motion for rehearing. Appellant's motion does not comply with our statute. Kirby's Digest, § 6520.

McCulloch, C. J. Appellee instituted this action in the chancery court of Drew County against appellant, her husband, to secure a decree for divorce and for a division of her husband's property and for recovery of attorney's fees and alimony. Appellant was not a resident of the State, and the service of process was by publication of a warning order. The cause was heard by the court upon the complaint and the report of the attorney *ad litem* and upon oral testimony. The decree was in favor of appellee for dissolution of the bonds of matrimony and for the recovery of attorney's fees in the sum of one hundred dollars and alimony in the sum of five hundred dollars. Appellant is the owner of certain real estate in the county, and the decree also awarded appellee an interest in said property to the extent of one-third, and declared a lien in favor of appellee on the remaining interest. The court appointed a commissioner to sell the remaining undivided interest of appellant for the purpose of satisfying appellee's lien as declared by the court.

The decree was rendered by the court and entered on June 15, 1920, and appellant made no appearance in the action until after the rendition of the decree. He appeared on July 19, 1920, and filed what is designated in the caption as a motion for new trial, in which he asked that the decree for the recovery of attorney's fees and alimony be set aside by the court and that a retrial of the cause be granted. The court overruled the motion on September 28, 1920, and an appeal has been duly prosecuted to this court.

The court erred in rendering a personal decree against appellant for attorney's fees and for alimony. In an action for divorce against a nonresident on con-

structive service of process a decree for recovery of attorney's fees and alimony is strictly personal, and the court has no power to render such decree. A personal judgment can only be rendered upon personal service of process. *Allen* v. *Allen,* 126 Ark. 164; Black on Judgments, vol. 2, p. 933. The decree for alimony was also erroneous in awarding a gross sum, instead of a continuing allowance. *Brown* v. *Brown,* 38 Ark. 324; *Shirey* v. *Shirey,* 87 Ark. 175.

It is contended by counsel for appellee that the motion for retrial of the cause was properly overruled for the reason that a meritorious defense was not set forth in the motion and verified by affidavit. The answer to this contention is that the personal decree against appellant for attorney's fees and alimony was void on its face, and an appeal could be prosecuted without moving to set aside the judgment. The decree for recovery of attorney's fees and for alimony is, therefore, reversed, and the cause remanded for further proceedings not inconsistent with this opinion, the appeal to this court having the effect of entering appellant's appearance in the cause for all purposes.