SMITH *v.* HALTOM.

Opinion delivered July 2, 1928.

*Haynie, Parks & Westfall*, for appellant.

*McRae & Tompkins*, for appellee.

HART, C. J., (after stating the facts). At the outset it may be stated that we have carefully read and considered the record, and if the defendant, W. Scott Haltom, had appealed we could have reached no other conclusion than that the chancery court properly granted the plaintiff, Lois B. Haltom, a divorce from her husband, W. Scott Haltom, and awarded her the custody of their infant son. The court also was right in setting apart to the plaintiff one-third of all the real estate described in the complaint as belonging to her husband.

The case of *Allen* v. *Allen,* 126 Ark. 164, 189 S. W. 841, was a case where constructive service was had upon the husband, and the wife in her complaint described real estate belonging to her husband, and asked that one-third of it be set apart to her for her natural life. There was a decree granting her a divorce and awarding her one-third of the lands of her husband for her life. The court held (quoting from syllabus): "The statute authorizes the court to set apart to the plaintiff in a divorce case one-third of all the husband's real estate, and the filing of a complaint describing the property gives the court jurisdiction over it for the purposes of making an award in accordance with the terms of the statute; no attachment or other method of sequestration is necessary in order for the court to acquire jurisdiction."

Again, in *Hegwood* v. *Hegwood,* 133 Ark. 160, 202 S. W. 35, the court held (quoting from syllabus): "The division of the property is a mere incident to the divorce, and it is not essential to the jurisdiction of the court that the pleadings should set forth the property. The decree for divorce draws to the court the power to ascertain the description of the property owned by the husband, for the purpose of awarding to the divorced wife her share thereof."

From the contract of marriage springs a relation or status in which the State and the public are interested

and which has always been deemed subject to the control of the Legislature by laws which, amongst other things, prescribe the effect of the relation upon property rights of the contracting parties. *Closson* v. *Closson,* 30 Wyoming 1, 215 Pac. 485, 29 A. L. R. 1371; *Maynard* v. *Hill,* 125 U. S. 190, 8 S. Ct. 723.

In *Forrester* v. *Forrester,* 155 Ga. 722, 118 S. E. 373, 29 A. L. R. 1363, it was held that the property of a nonresident husband which may be found in the State of Georgia may be seized and appropriated to the support of his wife by proper proceedings *quasi in rem,* in a court of equity which has jurisdiction of the subject-matter of the suit and possession of a *res* which may be subjected.

In a case-note to 29 A. L. R., 1381, the principle is recognized and the rule is stated as follows:

"While it has been held in many cases that a purely personal decree or judgment for alimony, rendered against a nonresident, who is notified constructively by publication or actual service out of the State, and who does not appear, is void, not only in the State in which it is rendered but in other jurisdictions as well, yet a different rule prevails as to property of the nonresident so served which is within the jurisdiction of the court. Assuming that the nature and *situs* of the property are such as to support a proceeding *in rem* or *quasi in rem,* the rule is that constructive service of process or personal service outside of the State, even in the case of a nonresident, will give jurisdiction to render a decree for alimony or maintenance, which is binding upon property belonging to him which is within the jurisdiction of the court and which has been specifically proceeded against;" and among the cases cited are *Pennington* v. *Fourth Nat. Bank,* 243 U. S. 269, 37 S. Ct. 282, L. R. A. 1917F, 1159, and *Allen* v. *Allen,* 126 Ark. 164, 189 S. W. 841.

In the application of the rule in *Walker* v. *Walker,* 147 Ark. 376, 227 S. W. 762, in an action for divorce against a nonresident on constructive service of process, it was held that a personal judgment could only be ren-

dered upon personal service of process, and that in such a case a personal decree for alimony and attorney's fee against the husband was void on its face.

In the case at bar the court specifically refused to allow attorney's fees, and also refused to make a personal decree for alimony. The decree provided that the alimony was to be paid out of the portion of the estate of J. F. Haltom, deceased, which had been ordered distributed to W. Scott Haltom and which had been impounded for that purpose in the hands of the administrator as a part of the personal estate of the decedent ready to be distributed to his heirs-in-law.

The chancery court, at the commencement of the suit, was asked to impound only that part of the personal estate of J. F. Haltom, deceased, which had been specifically ordered to be distributed to W. Scott Haltom. This constituted an equitable garnishment of the funds, and brings the case squarely within the rule announced in *Pennington* v. *Fourth Nat. Bank,* 243 U. S. 269, 37 S. Ct. 282, where it was held that the alimony obligation of a nonresident husband, served only by publication, though inchoate at the commencement of the divorce suit, may, consistently with the due process of law guaranteed by the 14th Amendment of the United States Constitution, be enforced out of a bank deposit in a local bank, where, upon the filing of the suit, the court entered a preliminary order enjoining the bank from paying out any part of the deposit, such an order being as effective a seizure as the customary garnishment or taking by trustee process. In discussing the question the court said:

"The power of the State to proceed against the property of an absent defendant is the same whether the obligation sought to be enforced is an admitted indebtedness or a contested claim. It is the same whether the claim is liquidated or is unliquidated, like a claim for damages in contract or in tort. It is likewise immaterial that the claim is, at the commencement of the suit, inchoate, to be perfected only by time or the action of the court. The only essentials to the exercise of the State's power are

presence of the *res* within its borders, its seizure at the commencement of proceedings, and the opportunity of the owner to be heard. Where these essentials exist, a decree for alimony against an absent defendant will be valid under the same circumstances and to the same extent as if the judgment were on a debt; that is, it will be valid not *in personam*, but as a charge to be satisfied out of the property seized.''

This rule applies here. The defendant, J. B. Smith, as administrator of the estate of J. F. Haltom, deceased, was made an equitable garnishee when the divorce complaint was filed. His answer admits that he has in his hands as such administrator a sum of money which the probate court has already ordered to be paid by him to W. Scott Haltom as his distributive share of the estate. The administration was closed, so far as the sum garnisheed was concerned; nothing remained to be done except to pay out the amount to W. Scott Haltom as his distributive share of the personal estate. Hence equitable garnishment of the same could in no way affect the jurisdiction of the probate court over the administration of the estate of J. F. Haltom, deceased. The answer of the defendant, J. B. Smith, as such administrator, made him a party to the proceeding, and, as a result, he was required to follow the suit to its end or stand the consequences. Hence he had the right to appeal to this court, and, indeed, it was his duty to do so if he thought the decision of the chancery court was wrong. But, as we have already determined, the decree of the chancery court was correct as far as he is concerned.

For the reasons above given, the application of the defendant, W. Scott Haltom, for a writ of certiorari to quash the decree of the chancery court in the divorce case must be denied. No appeal has been taken from the decree for divorce, and, for that reason, the motion of the attorneys of Lois B. Haltom for attorney's fees pending the appeal in this court must be denied. The appeal of J. B. Smith, as administrator of the estate of J. F. Haltom, deceased, does not give us jurisdiction to

grant attorney's fees in the divorce case, which was not appealed. Nor can the cross-appeal of Lois B. Haltom have that effect, because it does not affect her rights as to the equitable garnishment against J. B. Smith, administrator of the estate of J. F. Haltom, deceased.

The result of our views is that the decree of the chancery court will be affirmed, and the application of the defendant, W. Scott Haltom, for a writ of certiorari to quash the decree of the chancery court will be denied. It is so ordered.