O'QUIN *v.* O'QUIN.

4-9548                                    241 S. W. 2d 117

Opinion delivered July 2, 1951.

*Lee Miles* and *A. F. House,* for appellant.

*L. M. Alexander* and *Gerland P. Patten,* for appellee.

MINOR W. MILLWEE, Justice. This is the second appeal of this case and involves certain questions growing out of a division of property ordered on the former appeal in *O'Quin* v. *O'Quin,* 217 Ark. 321, 230 S. W. 2d 16.

The parties were married in 1941. On August 28, 1948, they entered into a property settlement and appellant was granted a divorce a few days later. Shortly thereafter the parties became reconciled and on Septem-

ber 14, 1948, the decree of divorce was set aside at their joint request. On December 7, 1948, there was another separation and appellee, Mrs. O'Quin, sued for divorce and division of property contending that the property settlement of August 28, 1948, was void and that she was entitled to one-half of all their property which had been acquired by their joint efforts. The trial court denied appellee a divorce and refused to disturb the property settlement of August 28, 1948.

On the former appeal we sustained the chancellor in denying appellee a divorce, but reversed as to the property settlement of August 28, 1948, which was annulled. We there said: "On the issue of the property settlement, we hold that the court erred in denying Mrs. O'Quin's contention that all of the property involved here was acquired and owned by the parties as tenants by the entirety and that she was therefore entitled to a one-half interest in said property." We further said that an account of $12,299.85 in the name of O'Quin Plumbing Company in the Twin City Bank of North Little Rock, Arkansas, on December 6, 1948, constituted the joint bank account of the parties. The concluding paragraph of the opinion reads: "Accordingly, the decree denying the divorce is affirmed, but, as to the property rights, is reversed and the cause is remanded with directions to set aside any and all instruments by which the parties have destroyed the tenancy by the entirety existing between them, and to enter a decree that the parties are tenants by the entirety as to all real and personal property owned by them before the instruments of August 28, 1948. If, since August 28, 1948, either party has made unfair or prejudicial disposition of any of the personal property to the disadvantage of the other, then the Chancery Court will, on proper petition of the aggrieved party, require restoration of such personal property to the entirety estate."

After issuance of the mandate in conformity with this paragraph of the opinion, Mrs. O'Quin filed a petition asking the trial court to require restoration to the entirety estate of all real and personal property owned

by the parties, including all rentals collected from the real estate since December 7, 1948, and all stock and equipment owned and being used by the plumbing company at the time of the filing of the petition. Appellee also asked that appellant be required to restore the $12,299.85 in the O'Quin Plumbing Company account on December 6, 1948, and that one-half of said account be delivered to her. She also sought one-half of all profits of the plumbing company after December 7, 1948.

In his response to the petition appellant admitted that appellee was entitled to have all the real estate restored to the entirety estate and this was done by exchange of deeds. It was also admitted that appellee was entitled to an accounting for her part of the real estate rentals since December 7, 1948, and this adjustment was made. Appellant denied that appellee was entitled to any part of the bank account or the personal property or profits of the O'Quin Plumbing Company.

Upon a hearing the chancellor found that as of August 28, 1948, the parties owned as tenants by the entirety an undetermined interest in the $12,299.85 bank account and the equipment used in the operation of the O'Quin Plumbing Company. However, the court found that Gerrel O'Quin, son of appellant and step-son of appellee, was an indispensable party to the suit inasmuch as it had been claimed that he and his father were partners in the O'Quin Plumbing Company, and that his interest therein could not be determined because he was not a party to the suit. It was also held that appellant had a right to use the equipment of the plumbing company without accounting to appellee for profits; that the trial court was without authority to divide any of the property between the parties under the mandate of this court; and that $1,500 received by appellee and $1,600 deposited in the registry of the chancery court by appellant should be restored to the joint bank account of the parties. Both parties have appealed.

We first consider the chancellor's finding with reference to the $12,299.85 bank account. In order to determine the correctness of the holding on this item it is also

necessary to notice the further finding that Gerrel O'Quin claimed an interest as a partner in the O'Quin Plumbing Company and was, therefore, a necessary party to the suit. In this connection it must be remembered that the suit originally instituted by appellee on December 23, 1948, was for an equal division of all real and personal property owned by the parties as of December 7, 1948, the date of their final separation. The opinion on the original appeal made specific findings to the effect that the $12,299.85 account was the joint bank account of the parties and that appellee was entitled to one-half interest therein. The fact that no specific direction was made as to this item in remanding the cause on the former appeal is perhaps the principal cause of the present controversy.

While the principle of the law of the case is applicable to the joint bank account as well as the equipment of the plumbing business, we find no material difference between the testimony at the original trial and that given in the present hearing with reference to the bank account and Gerrel O'Quin's connection with the O'Quin Plumbing Company. The preponderance of this evidence shows that appellant and his son were engaged as partners in the plumbing business prior to the first separation of the parties. When appellant and appellee resumed marital relations in September, 1948, Gerrel O'Quin withdrew from the partnership and appellant paid him $3,000 for his interest therein. Appellant and appellee restored to the account certain funds which were involved in the void settlement of August 28, 1948, and the account was continued in the name of the O'Quin Plumbing Company. Rentals from real estate owned by the parties jointly were deposited in the account along with the salary checks of appellee who was employed at a veterans' hospital. Appellee also kept the books of the plumbing business and had equal authority to draw on the account which was treated in all respects as a joint account of the parties.

About the time of the final saparation on December 7, 1948, Gerrel O'Quin returned to the business and the partnership with his father was reinstated. Appellant tes-

tified that he withdrew $3,000 from the partnership at the time of his son's return. An audit of the plumbing business from December 7, 1948, failed to disclose a check representing this payment, but an entry was made in the cash book showing such disbursement on December 13, 1948. After the separation on December 7, 1948, appellant changed the O'Quin Plumbing Company bank account to his own name and made certain withdrawals therefrom. In the original suit an order was issued restraining the Twin City Bank from permitting reduction of the balance in the account below $5,000.

From the above evidence, we conclude that Gerrel O'Quin had no interest in either the bank account or the equipment of the plumbing business at the time of the final separation of the parties on December 7, 1948, and that he was not, therefore, an indispensable party to the suit. When he resumed the status of a partner in December, 1948, he did so subject to the rights of appellee in the personal property used in the business. We construe our former opinion as holding the parties to be tenants by the entirety in the equipment in use in the operation of the O'Quin Plumbing Company on December 7, 1948, free from any claim of Gerrel O'Quin and that decision is binding here as the law of the case. *Biscoe* v. *Tucker,* 14 Ark. 515; *Tucker* v. *Stewart,* 209 Ark. 856, 192 S. W. 2d 766.

As to the items of $1,500 and $1,600 which the trial court directed the parties to restore to the joint account, the evidence shows that appellee received $1,500 in cash at the time of the settlement in August, 1948, and that she returned this amount, plus $100, to the plumbing company account when she returned in September, 1948. After appellant had changed the plumbing company bank account to his own name, following the final separation, he subsequently deposited $1,600 in the registry of the court and this amount represents part of the $12,299.85 bank account.

It is our conclusion that the chancellor erred in holding that Gerrel O'Quin was an indispensable party to the suit, in directing the parties to return the $1,500 and

$1,600 items to the joint account, and in refusing to order one-half of the $12,299.85 joint bank account paid over to appellee. We also reaffirm our holding on the former appeal that appellant and appellee are owners of an entirety estate in the equipment in use in the plumbing business on December 7, 1948. The decree is accordingly reversed on cross-appeal and the cause remanded with directions that appellant pay over to appellee $6,149.92 which represents one-half of the joint bank account. It is further directed that such payment be made from the $5,000 deposit now impounded in the Twin City Bank of North Little Rock and so much of the $1,600 on deposit in the registry of the court as may be required to equal $6,149.92 and the costs of this appeal. Except as otherwise indicated in this opinion, the decree is affirmed.

GEORGE ROSE SMITH and SAM ROBINSON, JJ., not participating.