HARBOUR *v.* HARBOUR.

5-1544                                      313 S. W. 2d 830

Opinion delivered June 9, 1958.

[Amended on Rehearing July 1, 1958.]

*Charles S. Goldberger* and *E. W. Brockman, Jr.,* for appellant.

*J. S. Brooks* and *M. P. Matheney,* for appellee.

SAM ROBINSON, Associate Justice. On October 21, 1955, the parties were divorced. The decree gave the wife possession of the home owned as an estate by the entirety, and the husband was ordered to pay $50.00 per month as alimony and as support for a minor son. The appellant, Thurmon B. Harbour, became delinquent in the monthly payments to the extent of $425.00 as of April 1, 1957. In the meantime, the State in a condemnation proceeding acquired, for the sum of $7,825, the property owned by the parties, the possession of which had been given to Mrs. Harbour in the divorce proceedings. In addition to the property owned by Mr. and Mrs. Harbour, there was an adjoining lot also taken in the condemnation proceedings, which belonged to Mr. Harbour. The price paid for that lot was $1,025. The money was paid into court.

This action was instituted when Mrs. Harbour filed a motion for modification of the decree fixing the alimony and support and to collect the alimony and support payments then in arrears. In a hearing on the motion the court held that she was entitled to $3,912.50 covering her interest in the money then in court and owned as an estate by the entirety; also $233.27 for her dower interest in the adjoining lot; and $709.67 covering accrued and delinquent alimony and maintenance payments for the period ending October 17, 1957. The court also held that Mrs. Harbour was entitled to $2,100 because she had been dispossessed of the home place, which not

only deprived her of a place to live, but also caused her to lose income in the amount of $35.00 per month which she had been receiving as rent for a garage apartment located on the property. It appears that this $2,100 was to be considered as a lump sum payment of an additional monthly award until such time as the minor child should become of age.

On appeal Mr. Harbour contends that the court erred in ordering a lump sum payment of alimony and maintenance to Mrs. Harbour, and that all funds should be held in the registry of the court as an estate by the entirety until the death of one of the parties or until there is an agreement for distribution. Appellant also contends that he should have credit against the alimony in arrears for about $295.00 given to his son; that the alimony and support payments should be reduced; that the order for alimony and support should designate what portion of the monthly payments should be considered as alimony and what part maintenance for the child; and that he is entitled to recover two-thirds of the household furniture.

We think the appellant is right in his contention that he should not be required to pay $2,100 in a lump sum as alimony or maintenance. It is not a debt that has accrued, but something that may or may not accrue in the future. There are several contingencies, the happening of which would bring an end to the monthly payments. No doubt the trial court was completely justified in reaching a conclusion that since the house in which Mrs. Harbour lived was no longer available to her, and since she had lost the income from the garage apartment, the alimony should be increased, and we completely agree with that view. But Harbour cannot be required to pay part of the alimony and support in a lump sum in advance. *McIlroy* v. *McIlroy,* 191 Ark. 45, 83 S. W. 2d 550; *Walker* v. *Walker,* 147 Ark. 376, 227 S. W. 762.

Next, Mr. Harbour contends that the funds in the registry of the court from the sale of the land held by the entirety should remain in court as an estate by the

entirety for the benefit of the survivor of the two or until there is an agreement as to distribution.

The condemnation proceeding had the effect of converting the real estate into personalty by operation of law. *Union & Mercantile Trust Co.* v. *Hudson,* 147 Ark. 7, 227 S. W. 1. Prior to Act 340 of 1947, it was held that a divorce did not dissolve an estate by the entirety in realty. *Ward* v. *Ward,* 186 Ark. 196, 53 S. W. 2d 8. And in *Jenkins* v. *Jenkins,* 219 Ark. 219, 242 S. W. 2d 124, it was held that the Act (340 of 1947), providing for the dissolution of an estate by the entirety, did not affect such estates created before the effective date of the Act. However, such an effect has never been given to an estate by the entirety in personalty. See *O'Quin* v. *O'Quin,* 219 Ark. 247, 241 S. W. 2d 117, where a joint bank account held as an estate by the entirety was divided equally between the parties. It follows that appellant's argument, that the proceeds from the condemnation proceedings remain in court as an estate by the entirety for the benefit of the survivor of the two or until there is an agreement relative to distribution, is without merit.

We do not think that Mr. Harbour is entitled to credit money he gave his son against the alimony and support payments ordered by the court, nor do we think that the alimony and support payments should be discontinued or reduced. On the contrary, now that Mrs. Harbour no longer has possession of the home and does not have the $35.00 per month rent from the garage apartment, and the $2,100 in controversy will be paid to Mr. Harbour, the alimony and support payments should be increased to $100.00 per month, and it is unnecessary to designate the exact amount that is to be considered as alimony and the amount to be regarded as support for the minor child.

Mr. Harbour contends that under the provision of the original decree he is entitled to two-thirds of the household furniture, but subsequent to the decree he entered into an agreement whereby in consideration of the relinquishment by Mrs. Harbour of all claims to an auto-

mobile she was given the use of all the furniture as long as she remains unmarried. She has not remarried. The decree is modified to the extent of allowing the $2,100 now in the registry of the court to be paid to Mr. Harbour and increasing the alimony and support to $100.00 per month, and as modified the decree is affirmed.