HARBOUR *v.* HARBOUR.

5-1771                                          321 S. W. 2d 224

Opinion delivered February 2, 1959.

[Per Curiam opinion on rehearing March 23, 1959.]

*Charles S. Goldberger & E. W. Brockman, Jr.,* for appellant.

*J. S. Brooks & M. P. Matheney,* for appellee.

JIM JOHNSON, Associate Justice. This is an appeal from an order of the trial court construing a mandate of this Court.

On June 9, 1958, in the case of *Harbour* v. *Harbour,* 229 Ark. 198, 313 S. W. 2d 830, this Court handed down a decision increasing from $50.00 to $125.00 per month alimony and support payments that Mr. Harbour should make to Mrs. Harbour, or an increase of $75.00 per month. Later, in a Petition for Rehearing, Mr. Harbour asked that such required monthly payments be reduced and that whatever increase was allowed should be effective

as of June 9, 1958, the date of the original opinion of this Court.

The Petition for Rehearing was granted to the extent of reducing the monthly payments to $100.00 per month to be effective as of June 9, 1958. This was done by a *per curiam* order of this Court dated July 1, 1958, the pertinent parts of which read as follows:

"Appellant's Petition for Rehearing is granted to the extent of reducing the $125.00 payment per month to $100.00 per month, commencing on June 9, 1958."

It is our conclusion that the above language is clear and definite and is not susceptible to any different construction other than that the payments should begin on June 9, 1958.

Therefore, we hold that the increase in the payment to $100.00 should be from July 9, 1958, and not from August 1, 1957, as held by the trial court. See *Watkins* v. *Ackers*, 195 Ark. 203, 111 S. W. 2d 458.

Accordingly, the decree of the trial court is reversed.

## PER CURIAM

### On Rehearing

When this case was tried in the chancery court on July 25, 1957, there was on deposit in court the proceeds from property owned by Mr. and Mrs. Harbour which had been taken by the Highway Department for highway purposes. $7,825 came from property owned as an estate by the entirety, and there was $1,025 which was in payment of a lot owned by Mr. Harbour, making a total of $8,850 in the registry of the court. Of this sum Mrs. Harbour was given $3,912.50 as her part of the estate by the entirety and $233.27 as her dower interest in the $1,025. She was also given $709.67 as accrued and delinquent alimony and $2,100 in payment of alimony to accrue in the future. This made a total of $6,955.44 that was awarded to Mrs. Harbour out of the total of $8,850. On appeal to this Court it was held, in an opinion handed down June 9, 1958, that Mrs. Harbour was not entitled

to the $2,100 in payment of future alimony (*Harbour* v. *Harbour*, 229 Ark. 198, 313 S. W. 2d 830) but that the original allowance of $50 a month as alimony and as support for a child should be increased from $50 to $125 per month.

This Court's opinion was not specific in stating whether the increase should be effective from the date of the decree of the trial court or from the date the case was decided here. In a petition for a rehearing, Mr. Harbour contended that $125 per month was too much to require him to pay and, further, that whatever increase was allowed should date from June 9, 1958, the date the case was decided by the Supreme Court. In response to the petition for a rehearing, Mrs. Harbour contended that the monthly payments should start as of August 1, 1957. Thus, on the petition for a rehearing there were two principal issues before this Court, both points having been briefed by the parties: **(1) The** amount of the alimony and support; and (2) when the increase should start. This Court granted the petition for a rehearing to the extent of increasing the alimony and support to $100 per month instead of $125 per month, as had been ordered in this Court's original opinion. And, in response to both parties' request that the opinion be clarified by stating the date the increase in alimony and support should start, this Court in a per-curiam opinion ordered that the $100 per month be started as of June 9, 1958, the date the original opinion was handed down by this Court. The trial court was of the opinion that the clerk of the Supreme Court by stating in the mandate that the $100 per month payments should start as of June 9, 1958, misconstrued the decision of the Supreme Court, and the trial court rendered a decree providing that the $100 per month should start August 9, 1957. Mr. Harbour appealed, again contending that the $100 payments should start as of June 9, 1958.

The clerk made no mistake in construing the *per curiam* opinion, which is recorded in Volume C-44, page 88, of the records of proceedings of the Supreme Court of Arkansas signed by all the members of this Court.

And on February 2, 1959, the trial court's decree fixing as August 9, 1957 the date the $100 per month became effective was reversed. On petition for a rehearing Mrs. Harbour insists the $100 per month payments should commence at the time the original decree was rendered by the trial court. But when the amount each party received from the property is considered, we think the $100 per month payments should start June 9, 1958.

Petition for rehearing denied.