## MAIE B. RINDLAUB v. JOHN H. RINDLAUB.

(147 N. W. 725.)

Application by plaintiff to this court for a change in the custody of children, and for an increased allowance to the mother for their support and maintenance while in her custody. *Held:*—

· The custody of the youngest child, until further order, is awarded to plaintiff, with conditions; the custody of the two oldest is awarded from June 1st to December 1st each year to the mother, and from December 1st to June 1st each yearly period to the father, with conditions.

Opinion filed June 16, 1914.

Application under prior decision of this court.

*Barnett & Richardson,* of Fargo, N. D., for plaintiff.

*Watson & Young* and *E. T. Conmy,* of Fargo, N. D., for defendant.

Goss, J.   The plaintiff, Maie B. Rindlaub, petitions this court for a modification of the previous orders that she may have awarded her the custody of Bruce and John Rindlaub, two of her three children, and for an increase in the allowance to her for the maintenance and her care of the three children of this marriage, for which she has heretofore received $50 per month per child, while in her custody, or a total of $1,200 per year.   The previous order of this court, dated October 30, 1911, granted plaintiff the custody of the youngest child, Newhall, throughout the year, and the custody of the other two children, Bruce and John, for six months each year, from November 1st to April 1st, with the custody of the older children with defendant, John H. Rindlaub, from April 1st to November 1st each year.   Each parent was given certain rights of visitation while the custody was with the other.   This order concerning the custody of the children was entered pursuant to a reservation of that power, contained in the opinion of this court in Rindlaub v. Rindlaub, 19 N. D. 352, 125 N. W. 479, wherein the merits of the divorce action and rights of alimony and property distribution were finally determined adversely to plaintiff, Maie B. Rindlaub, and the defendant, John H. Rindlaub, granted a divorce on the ground of desertion, with alimony and division of property denied, the court at that time being powerless,

under § 4073, Rev. Codes 1905 (it being before the passage of chap. 184, Session Laws of 1911, amending § 4073, Rev. Codes 1905, granting the court in any event the right to make an equitable distribution of property upon the granting of a divorce, regardless of which party was at fault), to do otherwise under its findings of fact.

The ground presented upon which petitioner asks the custody of said children is that their education is being seriously hampered by reason of the fact that Bruce and John are twice each year switched from one school to another in the middle of a school term, which is not conducive to best educational results. This is made necessary by reason of the petitioner and respondent residing more than a mile apart in the city of Fargo, rendering it impossible for the children on a change of custody from one parent to the other to remain in one school. Thus, on September 1st the school year opens with the children in the custody of the father; they are enrolled in the Central School, where they remain two months, or until November 1st, when they return to the mother's custody, and are withdrawn from the Central School and placed in the Longfellow School until May 1st, when, in returning to the father's custody, they must again re-enter the Central School. The school year in the Fargo schools is divided into three equal terms, to wit, from September 1st to December 1st, from December 1st to March 1st, and from March 1st to June 1st approximately.

Plaintiff also applies for an increase in the allowance for support of said children. Defendant asks that she account for what she has received for such purposes in the past, and particularly for $4,750, paid her during the last four years. The affidavits make no showing of the needs of the children and mother, or her present financial condition, except that it appears to her necessary to supplement the $100 per month now paid her for such purposes by teaching in the Agricultural College, for which she receives a salary. And the ability of the defendant to pay any increase is not sufficiently shown. True, from the early files of this case, presumptions of his ability to pay almost any allowance that might be ordered might be indulged in. It is, however, unnecessary now to deal with the matter on the presumption that his financial condition then shown is presumed to still continue. Such application is denied without prejudice to its renewal at any time on a full showing of necessities and financial conditions of the parties.

It is necessary that the custody of the two older children be changed, so as to conform to the school terms and yet permit each parent to have the custody of Bruce and John for equal periods of each year, and avoid changing them from one school to the other more than once per year. It was intimated on the argument that, should the court find it necessary to make a change, the mother preferred the custody of the children during the summer, more of her time proportionately being occupied during the winter at teaching.

It is therefore ordered that the custody of the youngest child, Newhall Rindlaub, remain, as always heretofore awarded, with the mother during the entire yearly period, subject, however, to such rights of visitation as the father has heretofore enjoyed, and as defined in the order of this court of October 30, 1911, except as hereinafter modified. It is further ordered that the custody of Bruce and John Rindlaub be awarded to each parent for an equal period of each year, and as follows: The mother shall have the custody of both of said children from the close of the school year, approximately June 1st each year, until the commencement of the December term of school each year, or approximately December 1st; that the father be awarded the custody of Bruce and John during the remainder of the year, or approximately from December 1st until June 1st of each yearly period. The right of each parent in and to the children then in the custody of such parent is subject, however, to the right of visitation of such children by the other parent the same as has heretofore been enjoyed under the order of this court of October 30, 1911,—it being the intent of this order that at least twice each week the parent not then possessing the six months' period of custody of said children, Bruce and John, may obtain the equivalent of one half day or evening of association with them after school hours, and at the residence of such parent visited by said two children. The rights of custody and visitation, however, are subject to the further conditions, that the father may have the custody of all three of said children, Bruce, John, and Newhall, for one week continuously during each of the months of July and August of each year, and this in addition to his right of custody of the two older from December 1st to June 1st each yearly period; he may also have Newhall brought to his home every Wednesday P. M. at 4 o'clock and every Saturday P. M. at 1 o'clock, returning him to the mother not later than 8 P. M. of the

same day; and that the mother may also have the custody of John and Bruce from noon of December 26th to noon of the following January 3d yearly, or during that part of said time that said children are not attending school; and provided further that, during any spring school vacation at or near Easter time, the mother may have the custody of said children for a similar period of one week. The defendant will continue to pay plaintiff $100 per month on the first of each and every month until further order of this court, which moneys are to be used primarily for the support of said children, but, inasmuch as considerable of plaintiff's time must be consumed in their care, such portions of said allowance as are not needed to defray the actual expense of food and clothing for said children may be retained by her as a reasonable wage for services rendered in caring for them. In view of defendant's application for an accounting, it is ordered that plaintiff be relieved from any liability to ever account for any balance of moneys that have been heretofore, or that may be hereafter, paid her by defendant under court order and for such purposes. Neither parent shall in any way attempt to alienate the affection of any of said children from the other parent. In case of sickness of said children both parents shall act as the child's best welfare may require, and rights of visitation of said children will be considered subordinated thereto. It is also understood that the terms of this decree recognize the right of plaintiff to continue teaching, if she so desires. In view of the change of the period of custody, defendant will retain custody of John and Bruce until August 15th of this year.

Defendant will, on or before the first of the month next succeeding the entry of the modification of this decree, pay to plaintiff's attorney $85 as fees and disbursements in the presentation of this application. The District Court of Cass County will enter its order accordingly, modifying the former decree touching the custody of these children to conform to the foregoing. This court reserves its right on application to modify this order.