MINOR *v.* MARYSVILLE LAND CO.

1. DIVORCE—PROCESS—JURISDICTION—STATUTES—POWER OF COURT TO AWARD WIFE HUSBAND'S LANDS.

Under 3 Comp. Laws 1915, § 11436, providing that the court, in granting a decree of divorce, shall include in it a provision in lieu of dower of the wife in the husband's property, the court had jurisdiction to set aside to the wife all of the husband's interest in a farm held by them in common within the jurisdiction of the court, notwithstanding the husband was not personally served with process and did not appear in the case.[1]

---

[1] Divorce, 19 C. J. § 777 (1926 Anno).
On power to grant alimony in a divorce proceeding without personal service of process, see notes in 9 L. R. A. (N. S.) 593; L. R. A. 1917F, 1161.

2. Same—Constitutional Law—Due Process.
  The provision of 3 Comp. Laws 1915, § 11436, requiring the court on granting a decree of divorce, to set aside to the wife an interest in the husband's lands in lieu of dower, without requiring personal service of process upon him, is not in violation of the due process clause of the 14th Amendment to the Federal Constitution.[2]

Appeal from St. Clair; Law (Eugene F.), J. Submitted October 21, 1924. (Docket No. 104.) Decided December 10, 1924.

Bill by Arthur Minor against the Marysville Land Company and others to set aside a portion of a decree for divorce. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*A. L. Moore,* for plaintiff.

*Walsh & Walsh* and *Dean E. Ryman,* for defendants.

McDonald, J. The purpose of this action is to set aside a portion of a decree for divorce which divested the plaintiff of his interest in certain real estate. The theory of the bill is that as there was no personal service on the defendant in the divorce action, the court was without authority to render a decree against his property. The question arises on the following facts:

The plaintiff and Louisa Minor were husband and wife and lived on the property in question which consisted of a farm of 60 acres in St. Clair county. The title was in the name of the plaintiff. On the 19th of August, 1913, he made a deed to himself and wife reciting therein that,

"The interest and purpose of this conveyance is to vest the title to the above described property in Arthur Minor and Louisa Minor jointly, as husband and wife."

[2] Divorce, 19 C. J. § 777 (1926 Anno).

Subsequently they separated, the plaintiff going to the State of Wisconsin. During his absence his wife filed a bill for divorce. No personal service of process was had upon the plaintiff. While it was pending he returned and they resumed marital relations for a period of three months when again they separated and the plaintiff returned to Wisconsin. A supplemental bill was filed. There was no service of process upon the defendant. The bill of complaint described the property in question and asked the court to decree to her such portion of it as seemed just. On December 26, 1916, based on this supplemental bill, the court granted Louisa Minor an absolute divorce, and in lieu of dower in all the real estate of her husband, gave to her his entire interest in the land in question. A few years later Louisa Minor sold and conveyed the land awarded to her in the decree to C. Harold Wills, who in turn conveyed it to the Wills Realty Company, a corporation, the name of which has since been changed to that of the Marysville Land Company.

The question presented by the above facts, in as far as the plaintiff's property rights are affected by the decree, involves the construction of the following provision of our statutes:

"When any decree of divorce is hereafter granted in any of the courts of this State, it shall be the duty of the court granting such decree to include in it a provision in lieu of dower of the wife in the property of the husband, and such provision shall be in full satisfaction of all claims that the wife may have in any property which the husband owns, or may thereafter own, or in which he may have an interest." 3 Comp. Laws 1915, § 11436.

The claim of the plaintiff is stated by counsel in his brief as follows:

"What we contend is that a nonresident defendant cannot be divested of the title to his property by substituted service, where the property itself is not

proceeded against by receivership or attachment or partition, at the time the suit was entered."

It is well understood, of course, that in cases of substituted service the court cannot render a personal judgment for alimony or for the costs of suit. But the statute in question authorizes and requires the court to make a provision in lieu of dower. There is no question as to what the legislature intended. It expressly authorizes the court to do what was done in this divorce suit. The only question is whether the statute is in violation of the due process clause of the Constitution.

In *Pennington* v. *National Bank*, 243 U. S. 269 (37 Sup. Ct. 282, L. R. A. 1917F, 1159), the court said:

"The Fourteenth Amendment did not, in guaranteeing due process of law, abridge the jurisdiction which a State possessed over property within its borders, regardless of the residence or presence of the owner."

And in Cooley on Constitutional Limitations (7th Ed.), p. 584, the author, referring to the power of courts in divorce cases to render a valid decree against property where the owner is not personally served with process and does not appear, says:

"If the defendant had property within the State, it would be competent to provide by law for the seizure and appropriation of such property, under the decree of the court, to the use of the complainant."

In the case under consideration, Louisa Minor did not seek a personal judgment against the plaintiff, and was not given such a judgment. She described the property in her bill and asked the court to appropriate it or so much of it as he might deem just for her use in lieu of dower. The property was held in common by the parties and was within the jurisdiction of the court. The wife sought to reach it and dispose of it under the provisions of the statute. Under such circumstances, notwithstanding that the

defendant was not personally served with process, and did not appear in the case, the court had jurisdiction of the property and could set it aside to the wife. The legislature has so provided and in doing so did not violate the due process clause of the Constitution.

The decree of the circuit judge dismissing the bill is affirmed, with costs to the defendants.

CLARK, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.