[File No. 6631.]

LESTER WILBER McLEAN, Respondent, v. CORA M. STRAUSS McLEAN, Appellant.

(290 N. W. 913.)

Opinion filed January 8, 1940.

*Charles L. Crum* (*Scott Cameron,* on oral argument) for appellant.

*Francis Murphy,* for respondent.

Burr, J. Plaintiff, in his action for divorce, filed a verified complaint showing both parties to be residents of North Dakota "in good-faith . . . for more than twelve months next preceding the commencement of this action;" that the defendant had been guilty of wilful desertion and extreme cruelty, and had "attempted to secure a divorce from this plaintiff in the state of Nevada although she well knew she was not a resident of said state . . . ;" that he was ill and bedridden, "wholly without money or funds or property of any kind . . . ;" has been long physically confined to the hospital, and defendant, though having ability so to do, "has failed, neglected and refused to provide for medicine, medical care, or hospitalization, or any care for this plaintiff, leaving him wholly destitute and subject to the assistance of strangers and of charity." The complaint alleges that "defendant is possessed of a great deal of valuable property, and at the present time owns approximately twelve houses in the city of Bismarck from which she derives rent; a two-story store building with three apartments on the second floor in said city from which she realizes in the neighborhood of five or six hundred dollars per month in income; and she owns approximately four quarter sections of land near Menoken in

said state of North Dakota, and considerable other city property in the said city of Bismarck; and a one-half interest in land now being used as an airport in the vicinity of Bismarck, and other property, and her assets are of the value of approximately $75,000, from which she receives a substantial income; that the plaintiff for a number of years last past, and as long as he was physically able to do so, assisted and aided the defendant in the management of said properties and in the collection of the rents thereof, and in preserving the same."

. The plaintiff prays for a divorce, suit money, attorneys' fees, and temporary and permanent support, and "that he have such other and further additional relief as the court may deem just and equitable."

The plaintiff applied for an order, directed to the defendant, requiring her to show cause why temporary support and suit money should not be provided by her. The summons, complaint, and this order to show cause were served upon the defendant in the state of Nevada on February 16, 1939. On March 20 the defendant served upon the plaintiff a notice of special appearance in the matter of the order to show cause, together with a motion to dismiss the order to show cause on grounds similar to those hereinafter quoted. The record is silent as to the disposition of this order to show cause. The defendant interposed no answer, but when the case came on for hearing she appeared and served another "Special Appearance and Motion" which, omitting the title and caption, etc., is as follows: "Comes now the defendant, Cora Strauss McLean, and appearing especially for the purpose of this motion, *and* for no other purpose, *moves the court to dismiss this action in so far as any question of alimony, either temporary or permanent, is concerned,* upon the ground and for the reason that the court has no jurisdiction to award the plaintiff alimony herein in that an award of alimony to the plaintiff and against the defendant would constitute a personal judgment in favor of the plaintiff and against the defendant based solely upon constructive or substituted service upon the defendant outside of the state of North Dakota and in the state of Nevada which gives this court no jurisdiction to render a personal judgment herein."

The special appearances and motions make no attempt to prevent the granting of a divorce, do not ask that the service of the summons be quashed, and do not question the validity of the substituted service.

Despite these special appearances and motions, the court proceeded to the trial of the case and made findings of fact, conclusions of law, and order for judgment. In conformity with the order, judgment was entered granting a decree of divorce and ordering the defendant to assume and pay personal bills of the plaintiff, the costs of the action, and attorney's fee, all in the sum of $3,435.20; further ordered the payment of $100 per month to the plaintiff "for and during the balance of his life . . . for support, maintenance, hospitalization, and doctor bills . . . ;" required the defendant to give "reasonable security for the payments" to be made; and further ordered that in case defendant failed to furnish such security the property of the defendant, which is itemized and described by the usual descriptions, "be divided and distributed, and that the plaintiff have an undivided one-fourth interest in said property, and the whole thereof . . . ;" that the defendant be required to deliver to the plaintiff "such conveyances and assignments as may be necessary to consummate the foregoing division and distribution of said property . . . ;" further, that in case the defendant failed to make the payments and execute the conveyances as required, "the same may be enforced by an order of this court, upon the application of the plaintiff, with or without notice to the defendant, for the appointment of a receiver of all of the properties of said defendant found within the jurisdiction of this court . . . ;" and, further, that the amount of the payments ordered by the court to be made by the defendant to the plaintiff "shall constitute a lien upon all of the hereinbefore described property of the defendant, and upon all of the property of the defendant found within the jurisdiction of this court, including rentals therefrom, . . ." all in accordance with the findings of fact and conclusions made.

From the order and decree of the district court the defendant appealed to this court "in so far as said decree granted alimony to the said plaintiff in the sum of $3,435.20 and the further sum of $100 per month thereafter so long as the plaintiff shall live, and further providing that a receiver might be appointed for all of defendant's property in the event she failed to give reasonable security for such payments, and that the defendant's real property should be distributed and that the plaintiff should be given an undivided one fourth interest in the net income from said property; and hereby demands a re-trial

of said cause upon the merits in so far as the alimony award is concerned under the specifications of error served herewith."

There are three specifications of error alleging: "The court erred in overruling and denying defendant's special appearance . . ." erred in awarding payment of the bills and alimony, etc., because such decree was based solely upon personal service upon defendant in the state of Nevada and outside the state of North Dakota; and "The court erred in holding that the wife's property was liable for her husband's debts contracted while the wife was living separate and apart from him and all the debts contracted by the plaintiff were so contracted after the plaintiff and defendant had separated from each other and were living separate and apart from each other."

By the record both parties are residents of Burleigh county and all of the property described is within the territorial jurisdiction of the district court. It must be conceded that the district court has jurisdiction to hear such applications for divorce, and it is not claimed there was any impediment to jurisdiction of the court over the status of the parties herein to grant a decree of divorce. The complaint of the defendant is leveled against the court making an award of alimony, urging that such would constitute a personal judgment against the defendant.

It is not denied that in a proper action the court has jurisdiction to require the defendant to pay temporary alimony and suit money. Section 4403 of the Compiled Laws provides: "In all actions brought to enforce the obligations established by law for the support or maintenance of either party to a marriage in an action of divorce, the court shall have authority, in its discretion, to require the defendant therein to pay such sum or sums of money as it may deem necessary for the temporary support and maintenance of the plaintiff and to prosecute the action." Neither is it questioned but what the district court in granting a divorce has the power to make distribution of the property of either party. Section 4405 provides: "When divorce is granted, the court shall make such equitable distribution of the property of the parties thereto as may seem just and proper and may compel either of such parties to provide for the maintenance of the children of the marriage, and make such suitable allowances to the other party for support during life or for a shorter period as to the court may

seem just, having regard to the circumstances of the parties respectively; and the court may from time to time modify its orders in these respects." This duty of the wife to support her husband gives the latter "an inchoate interest, to the extent of necessary support, in the property, real and personal, of the . . ." wife. Hagert v. Hagert, 22 N. D. 290, 133 N. W. 1035, 38 L.R.A.(N.S.) 966, Ann. Cas. 1914B, 925.

The position of the defendant appears to be this—in the case at bar the court has jurisdiction to grant a divorce, even though jurisdiction was obtained by substituted service; but the court has no jurisdiction in such divorce proceeding to make any disposition of the defendant's property found within the territorial jurisdiction of the court because of the lack of personal service; that while the defendant is not in any way seeking to hamper the court in the exercise of whatever jurisdiction it may have to grant a divorce, yet the substituted service, though sufficient to give the court jurisdiction to grant a divorce, is not sufficient in the furtherance of that divorce proceeding to enable the court to exercise the jurisdiction which the statute gives in carrying out the powers of the court with reference to divorces in general.

Section 7428 of the Compiled Laws authorizes substituted service of the summons, as made in this case, when the plaintiff files "a verified complaint therein with the clerk of the district court of the county in which the action is commenced, setting forth a cause of action in favor of the plaintiff and against the defendant . . ." and filing an affidavit showing the place of defendant's residence and that she was not at that time within the state so that service could be made upon her. In such case if the complaint shows:

"1. That the defendant has property within this state . . .; or,

"2. . .     .     .     .     .     .     .     .     .     .     .

"3. .     .     .     .°     .     .     .     .     .     .     .

"4. That the action is for divorce or for a decree annulling a marriage; . . ." substituted service may be made upon the defendant in order to give the court jurisdiction to determine the rights. The district court, therefore, has jurisdiction of the case where a resident of this state brings an action for divorce and the complaint so shows, as well as the complaint showing that the defendant has property within the state. In the complaint involved the plaintiff set forth both

grounds. The fact that § 7428 permits the complaint to show one of five different alternatives does not prevent the plaintiff from setting forth two or more of them in the same complaint. Hence, we have a case where the defendant, a resident of this state, goes to the State of Nevada for the purpose of obtaining a divorce, deserting her husband and, under the complaint, being also guilty of extreme cruelty. She commences an action for divorce in Nevada and this action is dismissed by the court of that state. She is owner of $75,000 worth of property within the territorial jurisdiction of the district court in which this action is brought. Personal service cannot be obtained upon her in this state and substituted service is secured as provided by statute. The district court hears the divorce proceedings, determines the issues presented, makes an order for judgment, and judgment is entered in accordance therewith.

The complaint was served upon the defendant, no answer was interposed, and the defendant made a special appearance claiming there was no personal service upon her. Such appearance does not seek to quash the proceedings. It offers no objection to the granting of a divorce, and the accompanying motion is in effect a notice to the court not to enter any judgment which would in any way affect the property.

A special appearance is not determined by the title assigned to it. It is determined by what the party does. Baird v. Holie, 61 N. D. 280, 291, 237 N. W. 786, 791; Slinkard v. Hunter, 209 Ind. 475, 199 N. E. 560, 563; Henderson v. Henderson, 247 N. Y. 428, 160 N. E. 775, 777; F. S. Fuller & Co. v. Morrison, 106 Vt. 17, 169 A. 7. Such designation may be of value in showing the intent of the party if the party terms his appearance a "special appearance;" but at the same time if it invokes the jurisdiction of the court, it becomes a general appearance irrespective of its designation. A "special appearance" is one which is made for the sole purpose of objecting to the jurisdiction of the court over the person of the defendant because of some lack in the process or service thereof. Gilbert v. Hall, 115 Ind. 549, 18 N. E. 28; 6 C. J. S. 6. "If the appearing party asks relief or discloses a purpose which goes beyond questioning the jurisdiction of the court, the appearance is general no matter what it is called or designated." 6 C. J. S. 7 and cases cited. Indeed, there is authority

for the holding that if a party makes a special appearance and moves to dismiss the complaint on the ground that the court was without jurisdiction of the subject matter, such as control of the property and in jurisdictions where such objection may be taken by demurrer or answer, such appearance, amounting "substantially or in legal effect, to a demurrer to the complaint on that ground," necessarily calls for relief which may be demanded only by a party to the record. Roberts v. Superior Ct. 30 Cal. App. 714, 159 P. 465, 467. In Taylor v. Superior Ct. 93 Cal. App. 445, 269 P. 727, 728, the defendant made what she called a "Special Appearance" and moved to dismiss the order to show cause on the ground " 'that the court had no jurisdiction to issue the writ directed to the respondents or over the parties named therein.' " The court held that this was in effect a claim that the court had no jurisdiction over the subject matter, saying: "It . . . appears . . . that they not only claim that this court has no jurisdiction over the parties, but also has no jurisdiction over the subject-matter, i. e., 'no jurisdiction to issue the writ.' Under these circumstances we are constrained by a long line of authorities to hold that they have made a general appearance and have submitted to the jurisdiction of the court." It reaffirmed the holding in Roberts v. Superior Ct. 30 Cal. App. 714, 159 P. 465, supra, and is itself cited and approved in Tolle v. Doak, 12 Cal. App. (2d) 195, 199, 55 P. (2d) 542, 544. See also Mahr v. Union P. R. Co. (C. C.) 140 F. 921.

The general rule is that the defendant on a special appearance must confine himself to the objection to service over him. Indeed, there is authority for the holding that where a motion to dismiss the action is coupled with the appearance to quash the service, such motion is in fact a general appearance. In Bucklin v. Strickler, 32 Neb. 602, 49 N. W. 371, the defendant appeared and moved to quash the service of the summons and to dismiss the action. The court said: "The motion is too broad. It is to dismiss the action. The most that could be done in any case where the only objection is that the service is defective is to quash the summons. In such case the appearance must be limited to that purpose, otherwise it is general." See also Gilna v. Barker, 78 Mont. 357, 254 P. 174, 175.

As said in Olcese v. Justice's Ct. 156 Cal. 82, 103 P. 317, 318, "Pleas based upon lack of jurisdiction of the person are in their nature pleas in abatement, and find no especial favor in the law. They amount to no more than the declaration of the defendant that he has had actual notice, is actually in court in a proper action, but, for informality in the service of process, is not legally before the court. It is purely a dilatory plea; and, when a defendant seeks to avail himself of it, he must, for very obvious reasons, stand upon his naked legal right, and seek nothing further from the court than the enforcement of that right. He will not be heard to ask of the court anything further than an adjudication upon his plea, and if he does ask anything further, then, by logic of the fact, he must necessarily have waived the irregularity of his summons before the court."

Not only did the defendant appear and move to dismiss the order, and appear in district court and move to dismiss the action in part; but on the appeal to this court she asked for a trial anew on the merits, not only of the issue as to whether the court had jurisdiction to make the alimony award in this case, but she asked for a trial anew with reference to the holding of the court in effect that this award could include the husband's debts contracted while the parties were living separately. Where a party takes an appeal and asks for a trial on the merits of part of the transaction, it is held that he submits to the jurisdiction. In Lowe v. Stringham, 14 Wis. 222, the defendant had appeared specially and moved for a dismissal, which motion was deemed proper in the case; but the court held he waived it by his subsequent action. The defendant took an appeal in such a way that he asked for a trial on the merits. The court said (p. 225): "The object of an appeal in such cases is to try the case anew in the appellate court on its merits, and not to review errors of the justice. The taking of such an appeal is equivalent to an appearance, and gives the appellate court jurisdiction over the person, whether the service of the process before the justice was sufficient for that purpose or not."

Even if the court had no personal jurisdiction over the defendant, a determination of that issue under a special appearance would not necessarily result in the dismissal of the action or any portion thereof. It might require the plaintiff to perfect service; but it does not

dismiss the action. This is especially so in the case at bar for the defendant does not ask for a dismissal as a natural consequence of her special appearance. She attempts to bisect the jurisdiction of the court and says, in effect, we have no objection to your granting a divorce even though you have but substituted service; but in exercising this part of your jurisdiction do not attempt to deal with the question of alimony, either temporary or permanent, for any such determination must necessarily result in a personal judgment against the defendant and you have no jurisdiction to enter such a personal judgment.

Furthermore, such special appearance is affected by the action of the defendant in the notice of appeal to this court. In this notice of appeal the defendant "demands a retrial of said cause upon the merits in so far as the alimony award is concerned under the specifications of error served herewith."

We have already set forth in full specification of error No. 3. Such specification requires us to determine the liability of the defendant "for her husband's debts contracted while the wife was living separate and apart from him. . . ." The district court in arriving at the sum of $3,435.20 included therein certain accounts such as the debts of the plaintiff contracted in "preparing for and in the defense of the divorce action commenced against him by his wife;" a bill for travel expenses of an agent of the plaintiff in the same matter; another bill for attorney's services in the same action, including expense money and costs of depositions, letters, telegrams, telephone calls, etc.; a bill of an agent of the plaintiff who transacted some business for the plaintiff while the plaintiff was in the hospital; the account of another lawyer for professional service; etc.

When we review all of the actions of the defendant in the case, we are constrained to hold that whatever may have been the original purpose in making the appearance and taking the appeal, the defendant has conferred the very jurisdiction which she denies.

We deem it advisable also to determine another and broader issue. The plaintiff urges that whether there was any special appearance of the defendant, the court had jurisdiction to enter a judgment decreeing the rights of the plaintiff in the property of the defendant within the jurisdiction of the district court and to order that the prop-

erty of the defendant be sequestered, a receiver appointed, etc. Both parties are residents of this state; the defendant leaves with the evident intention of preventing the plaintiff from asserting rights; the district court has jurisdiction over the status of the parties; and under the statutes already quoted, §§ 4403 and 4405 of the Compiled Laws, it is the duty of the court to determine the interests of the parties in the property. In Forrester v. Forrester, 155 Ga. 722, 118 S. E. 373, 29 A.L.R. 1363, the rule is laid down that "the property of a nonresident husband which may be found in this state may be seized and appropriated to the support of his wife, by proper proceedings quasi in rem in a court of equity which has jurisdiction of the subject-matter of the suit and possession of a res which may be subjected." Under our statute the marital obligations of husband and wife are mutual and, as shown in Hagert v. Hagert, 22 N. D. 290, 133 N. W. 1035, 38 L.R.A.(N.S.) 966, Ann. Cas. 1914B, 925, supra, the husband, against the wife and her property, may enforce rights similar to what the wife may enforce against the husband and his property.

In an action for divorce, where personal service on the defendant is made outside the state, the court has jurisdiction over the property of the defendant when the property is situated within the jurisdiction of the court. Allen v. Allen, 126 Ark. 164, 189 S. W. 841; Murray v. Murray, 115 Cal. 266, 47 P. 37, 37 L.R.A. 626, 56 Am. St. Rep. 97; Hanscom v. Hanscom, 6 Colo. App. 97, 39 P. 885; Shipley v. Shipley, 187 Iowa, 1295, 175 N. W. 51; Thurston v. Thurston, 58 Minn. 279, 59 N. W. 1017.

No objection is made to the description of the property as set forth in the complaint. The special appearance makes no reference to any indefiniteness in description but is based solely on the ground that the court has no authority or power under any circumstances to make any determination of property interests. It is a general rule that a purely personal money judgment for alimony cannot be rendered in a case where jurisdiction is obtained by substituted service; but in the case at bar the judgment is not void because there is provision requiring defendant to pay debts in a lump sum out of her property within the jurisdiction of the court. The judgment gives to the defendant the option of paying this amount or of having this property

subjected. to the interests of the husband, having a receiver appointed therefor and provision made for his support therefrom. The court had the power to determine rights and interests of the plaintiff in the property.

In Blackinton v. Blackinton, 141 Mass. 432, 5 N. E. 830, 55 Am. Rep. 484, a wife, resident in Massachusetts, brought a proceeding against her husband, also a resident of that state,· praying for a decree of separate maintenance. Personal service was had upon the husband in New York and he filed a plea in abatement showing service outside the state, alleging he was a citizen of New York and that the court had no jurisdiction. The lower court entered a decree for the wife, and on appeal Judge Holmes, speaking for the court, shows first that the court in a proceeding for divorce "would possess and exercise jurisdiction notwithstanding the husband's change of domicile. . . . The present proceeding contemplates a continuance of the marriage status instead of its dissolution. But the ground on which it proceeds is a breach of the duties incident to that status, . . . a separation of home and interests without the petitioner's fault. . . . We know of no principle which would warrant our confining its operation to cases where the deserting husband retains his domicile within the state." Continuing, he shows that even though it may be "intimated that to decree a divorce against a defendant domiciled elsewhere, and not appearing, does not carry with it authority to decree alimony . . . but the statute under which the petitioner proceeds recognizes no such distinction. It does not contemplate a jurisdiction for one of its purposes, and a want of jurisdiction for another, and we see no reason why it should be limited beyond its words. The whole proceeding is for the regulation of a status. The incidents of that status are various; some concerning the person, some concerning the support of the petitioner or her child. The order to pay money is not founded on an isolated obligation, as in a case of contract or tort, but upon a duty which is one of those incidents. The status, considered as a whole, is subject to regulation here, although it involves relations with another not here, because such regulation is necessary rightly to order the daily life, and to secure the comfort and support of the party rightfully living within the jurisdiction. It is quite true that these considerations may not suffice to give the decree extraterritorial

force, and that the general courts do not willingly pass decrees unless they think that other courts at least ought to respect them. But that is not the final test. We think that the statute was intended to authorize such decrees as that appealed from, and tacitly to adopt the rule as to service expressly laid down for divorce."

This rule is followed in the later case of Turner v. Turner, 234 Mass. 37, 124 N. E. 721. See also Shipley v. Shipley, 187 Iowa, 1295, 175 N. W. 51, 56; Chapman v. Chapman, 194 Mo. App. 483, 499, 185 S. W. 221, 227; Reed v. Reed, 121 Ohio St. 188, 167 N. E. 684, 687, 64 A.L.R. 1384; Wilder v. Wilder, 93 Vt. 105, 108, 106 A. 562, 563. Indeed this may be said to be the general rule.

In a case from Oregon, where substituted service was obtained, the United States Supreme Court, in Pennòyer v. Neff, 95 U. S. 714, 723, 24 L. ed. 565, 569, states: "So the state, through its tribunals, may subject property situated within its limits owned by nonresidents to the payment of the demand of its own citizens against them; and the exercise of this jurisdiction in no respect infringes upon the sovereignty of the state where the owners are domiciled. Every state owes protection to its own citizens; and, when nonresidents deal with them, it is a legitimate and just exercise of authority to hold and appropriate any property owned by such nonresidents to satisfy the claims of its citizens. It is in virtue of the state's jurisdiction over the property of the nonresident situated within its limits that its tribunals can inquire into that nonresident's obligations to its own citizens, and the inquiry can then be carried only to the extent necessary to control the disposition of the property. If the nonresident have no property in the state, there is nothing upon which the tribunals can adjudicate."

There is authority to the contrary. In Bray v. Landergren, 161 Va. 699, 172 S. E. 252, the matter is discussed at length, but the distinction seems to be based upon the fact that the property within the state had not been seized by attachment or similar process.

The state has the right to legislate regarding the title and ownership of real and personal property within the state and the interests of various parties therein. This right cannot be avoided simply because the owner thereof absents himself from the state or is a nonresident in

fact. The legislature makes provision for the exercise of such jurisdiction over the property.

The actual seizure of the property by attachment at the beginning of this action for divorce is not essential to jurisdiction to enforce a decree for alimony out of the property rendered on constructive service. Twing v. O'Meara, 59 Iowa, 326, 13 N. W. 321, 322; Wesner v. O'Brien, 56 Kan. 724, 44 P. 1090, 32 L.R.A. 289, 54 Am. St. Rep. 604; Allen v. Allen, 126 Ark. 164, 189 S. W. 841, supra; Benner v. Benner, 63 Ohio St. 220, 58 N. E. 569; Thurston v. Thurston, 58 Minn. 279, 59 N. W. 1017, supra. In Closson v. Closson, 30 Wyo. 1, 215 P. 485, 29 A.L.R. 1371, it is held: "Failure of the published notice in a divorce proceeding to state that a disposition of the property would be asked for does not render void a decree making such disposition, although the statute requires the notice to contain a statement of the object and prayer of the petition, where the statutes governing divorce authorize the courts to settle all questions concerning the property and children of the parties."

Besides passing upon the question of whether the notice of appeal herein and the relief demanded therein, to wit, a trial anew of the determination of the district court on the merits with reference to his exercise of jurisdiction over the property—conferred jurisdiction of the person, and, determining this case on its broader issues, we find that the district court had jurisdiction of the property of the defendant and the power and authority to make provision for the support of the plaintiff out of said property. As said in Wesner v. O'Brien, supra (56 Kan. 725, 44 P. 1091, 32 L.R.A. 291, 54 Am. St. Rep 605): "The determination of the question depends, to a great extent, upon the statutes of the state; and that the state has full power, through its legislature and courts, to regulate and control the status of its citizens, and to dispose of or control real property, to whomsoever it may belong, within its limits, will hardly be denied. It is provided that service may be made by publication 'in actions to obtain a divorce, where the defendant resides out of the state,' and 'in actions brought against a nonresident of the state . . . having in this state property . . . sought to be taken by any of the provisional remedies or to be appropriated in any way.' It is also authorized where the action relates to real or personal property in this state in which a nonresident

defendant has or claims an interest, or where the relief demanded consists wholly or partly in excluding him from any interest therein. Code Civ. Proc. § 72. These provisions, if valid, afford authority to dissolve the marriage relation upon constructive notice, and also to appropriate the real property of the nonresident defendant."

As the defendant has asked the court to determine whether the district court erred in holding that certain debts of the plaintiff could be made payable out of her estate, the specifications of error challenge the accuracy of the holding. The defendant did not cross-examine any of the witnesses, took no part in the trial, and does not challenge the truth of the statements that certain moneys paid out to attorneys prior to the commencement of this action were in fact paid. The record shows that prior to the commencement of this action the defendant had commenced in the state of Nevada an action seeking a divorce from the plaintiff. The transcript in this case shows that the plaintiff sent to a firm of attorneys the amount of $342.75 for his expenses in legal matters and an additional amount of $55, and also additional sums to a lawyer in Montana who was to appear for him in this Nevada case. The total amounts thus advanced exceeded $420. In addition, there was the expense of travel for the attorneys of $47 and for the plaintiffs' agent in the sum of $44. Also, the plaintiff showed that while he was bedridden he employed an agent to look after his business of collecting rents, etc., and that the expense thereof was $180.

The ordinary debts of the plaintiff are not payable out of the property of the defendant. Her property is not subject to his debts, and her earnings and accumulations made while living separate from him are her separate property. See Supp. § 4414. We believe the court was in error in including these amounts and therefore find for the defendant on this proposition.

The trial court was justified in making an allowance for the defendant for his hospitalization, his doctor bills, and for his future maintenance. He was bedridden at the time this action was commenced and he would have been entitled to temporary support. The defendant does not challenge the amounts that were allowed in such case, and there being no showing that they are erroneous, we assume that the amounts allowed for this purpose were correct. See Gilna

v. Barker, 78 Mont. 357, 254 P. 174, supra. These portions of the findings and judgment are adopted as ours, as part of the judgment ordered herein. The lower court still has jurisdiction of the proceedings, and if the amount be excessive or if the condition of the plaintiff changes, the court is in position to modify his decree accordingly. See Rindlaub v. Rindlaub, 28 N. D. 168, 147 N. W. 725, where it is assumed such right exists.

Owing to the fact that the defendant has submitted to the jurisdiction of the court, this judgment rendered against her is a valid personal judgment.

Not only does the judgment appealed from require a payment in lump sum, but it also requires defendant to make certain payments for the support of the plaintiff, to give reasonable security for the payment of said accounts, and in case of her failure so to do, it subjects her property to the payment of these claims and gives the defendant an undivided one-fourth interest therein. So far as is shown by the record here, this is reasonable and adopted by us. The authority of the trial court is broad enough to investigate the situation of the plaintiff as it existed at the time of trial and his needs which arose before and which will arise thereafter.

The amount allowed by the court, to wit: $3,435.20, is to be reduced to $2,766, and the judgment rendered as so modified is affirmed. But, owing to the fact defendant did not take part in the trial in the lower court, this affirmance will not preclude defendant from petitioning the lower court for leave to show amounts allowed and conditions imposed were inequitable; and she is hereby granted the right to be heard in the lower court on the question of alimony and property settlement, if the application be made within thirty days from the filing of the remittitur, the judgment in the meantime to remain in full force and effect.

NUESSLE, Ch. J. (specially concurring). I concur in the result reached in the foregoing opinion prepared by Judge Burr and in the propositions of law as stated in the syllabus. As held in Hagert v. Hagert, 22 N. D. 290, 133 N. W. 1035, 38 L.R.A. (N.S.) 966, Ann. Cas. 1914B, 925, a husband has an inchoate interest to the extent of necessary support in any property of his wife, and this interest is,

of itself, sufficient to vest a court of equity with jurisdiction to fully administer relief to the husband as against the wife. And the statute, § 4405, Comp. Laws 1913, provides that "when divorce is granted, the court shall make such equitable distribution of the property of the parties thereto as may seem just and proper . . . and make such suitable allowances to the other party for support during life or for a shorter period as to the court may seem just, having regard to the circumstances of the parties respectively; . . ." Section 4406, Comp. Laws 1913, makes provision whereby the court may enforce the terms of any judgment rendered pursuant to § 4405, Comp. Laws 1913. Of course, owners of property own it subject to the laws of the jurisdiction wherein it is situated.

The instant action is one for divorce. The parties are both residents of the state and the defendant has property within the state. She departed from the state and personal service therein could not be had upon her. However, personal service of the summons and complaint was made upon her without the state pursuant to the provisions of § 7431, Comp. Laws 1913. This gave the court jurisdiction of the marital status, the subject matter of the action. The rights of either party in property within the jurisdiction of the court belonging to the other were incidental to the marital status. Since the court had power to adjudicate with respect to this status, it likewise had power to adjudicate matters incidental to it. Blackinton v. Blackinton, 141 Mass. 432, 5 N. E. 830, 55 Am. Rep. 485; Sprague v. Sprague, 73 Minn. 474, 76 N. W. 268, 42 L.R.A. 419, 72 Am. St. Rep. 636; Reed v. Reed, 121 Ohio St. 188, 167 N. E. 684, 64 A.L.R. 1384; Closson v Closson, 30 Wyo. 1; 215 P. 485, 29 A.L.R. 1371.

The only question then is as to whether the allegations of the complaint were such as to reasonably apprise the defendant that the court would be called upon to adjudicate her husband's rights in her property that was within the jurisdiction of the court. See Fenton v. Minnesota Title Ins. & T. Co. 15 N. D. 365, 109 N. W. 363, 125 Am. St. Rep. 599. With respect to these rights the court had power to adjudicate to the same extent that it would have had under the allegations of the complaint had there been personal service upon her within the state. The test then, is whether, under the complaint, the court could properly order the judgment that was entered.

I am of the opinion that the allegations of the complaint were sufficient to apprise the defendant that the relief afforded by the judgment as entered was sought and might be granted. The complaint alleged the marriage of the parties; that both were residents of the state; the necessitous condition of the plaintiff; the value and character of the defendant's property within the state, with a general description of the same sufficient to apprise the defendant as to the property referred to; that the defendant had deserted the plaintiff and that the plaintiff was seeking a divorce and asking for alimony and suit money and for such other relief as might be just and equitable in the premises. Reasonably reading this complaint defendant could not but take notice, not only that she was being sued for a divorce, but also that the plaintiff sought to subject her property described in the complaint to any judgment he might obtain for suit money and support. There is no personal judgment for alimony. The judgment determines that the plaintiff is entitled to a dissolution of the marital relation and to support and suit money and that the property of the defendant within the jurisdiction of the court shall be charged with the allowances made by the court in favor of the plaintiff. Thus it was consonant with the allegations and prayer of the complaint. And the court, having jurisdiction both of the marital status and of the property of the parties in the state, acted within its power in ordering the judgment that was entered.

MORRIS, J., concurs.

CHRISTIANSON, J. (concurring). I concur in the conclusion reached and in the judgment ordered in the opinion prepared by Judge Burr. It seems to me that the district court had jurisdiction of the person of the defendant as well as of the subject matter of the action. At the time this action was commenced both the plaintiff and defendant were, and for some time had been, residents of Burleigh county, in the state, and their matrimonial domicil was in this state. 17 Am. Jur. 556, Divorce and Separation, § 750. Consequently the only court that had power to render a valid decree of divorce was a district court in this state. North Dakota Const. § 103; 17 Am. Jur. pp. 277, 278, 559, 563, 565, Divorce and Separation. This action was

duly and regularly brought in the district court of Burleigh county. Summons was issued on January 17th, 1939, and a duly verified complaint and a proper affidavit for the publication of the summons were filed in the office of the clerk of the district court of Burleigh county on that same day. Service of the summons and complaint were duly made on February 16th, 1939, by delivery of copies thereof to the defendant, personally, within the state of Nevada. No question has been raised as to the regularity or validity of such service. The defendant did not interpose an answer or demurrer, but when the case came on for trial on May 2d, 1939, she appeared and made what was denominated a "special appearance and motion,"—set forth in full in the opinion prepared by Judge Burr. The "special appearance and motion" was signed by the attorney who represented, and appeared for, the defendant, and he added to his signature, "Attorney for Defendant, Bismarck, North Dakota." The "special appearance and motion" was served upon the attorney for the plaintiff, and, together with proof of such service, was filed with the court at the threshold of the trial. The ruling of the trial court, as set forth in the transcript, was expressed in the following words: "The *motion* is denied."

"Pleas based upon lack of jurisdiction of the person are in their nature pleas in abatement, and find no especial favor in the law. They amount to no more than the declaration of the defendant that he has had actual notice, is actually in court in a proper action, but, for informality in the service of process, is not legally before the court. It is purely a dilatory plea; and when a defendant seeks to avail himself of it, he must, for very obvious reasons, stand upon his naked legal right, and seek nothing further from the court than the enforcement of that right." Olcese v. Justice's Ct. 156 Cal. 82, 103 P. 317, 318.

In this case there was no claim that there was want of, or defect in, process. There was no motion to set aside the service. There was no claim that there was any irregularity in the proceedings, which deprived the court of jurisdiction to hear and determine the action for divorce. On the contrary, the language employed in the "special appearance and motion" implies that defendant admitted that the action had been properly instituted, and that upon the trial then about to be had the question of the dissolution of the marriage was properly

before the court for determination. But the complaint did not merely allege the existence of the marriage, and the grounds for divorce; it, also, alleged that the defendant was the owner of certain real property in Burleigh county "of the value of approximately $75,000, from which she receives a substantial income," and that "the plaintiff for a number of years last past, and as long as he was physically able to do so, assisted and aided the defendant in the management of said properties . . . and in preserving the same." The complaint further alleged that the plaintiff for a long time has been physically disabled due to illness, and is wholly destitute.

When the case came on for hearing, the defendant appeared in court by her attorney, and, in a formal written instrument, entitled in the action, which had been served upon the adverse party, said: *"Comes now the defendant, Cora Strauss McLean, and* appearing especially for the purpose of this motion, and for no other purpose, *moves the court to dismiss this action in so far as any question of alimony, either temporary or permanent, is concerned, upon the ground. . . ."* This motion constituted a general appearance. Public Serv. Commission v. Russell, 51 Wyo. 463, 68 P. (2d) 597; Roberts v. Superior Ct. 30 Cal. App. 714, 159 P. 465; Clawson v. Boston Acme Mines Development Co. 72 Utah, 137, 269 P. 147, 59 A.L.R. 1318; Everett v. Wilson, 34 Colo. 476, 83 P. 211; Bucklin v. Strickler, 32 Neb. 602, 49 N. W. 371; McKillip v. Harvey, 80 Neb. 264, 114 N. W. 155; King v. Ingels, 121 Kan. 790, 250 P. 306; Yorke v. Yorke, 3 N. D. 343, 55 N. W. 1095; Gans v. Beasley, 4 N. D. 140, 59 N. W. 714; Welch v. Ayres, 43 Neb. 326, 61 N. W. 635; Jones v. Andrews, 10 Wall. (U. S.) 327, 19 L. ed. 935; Goldstein v. Peter Fox Sons Co. 22 N. D. 636, 135 N. W. 180, 40 L.R.A.(N.S.) 566; Dallas v. Luster, 27 N. D. 450, 147 N. W. 95; Olcese v. Justice's Ct. 156 Cal. 82, 103 P. 317, supra; 2 Standard Proc. p. 506.

When a defendant makes a special appearance, he says, in effect, "In the eyes of the law I have had no notice of this action or proceeding. I have not been brought into court. I am not now in court. The court has no power to conduct any inquiry or decide any question at all."

"There is some difference in the decisions," said Judge Holmes (Merchants' Heat & Light Co. v. J. B. Clow. & Sons, 204 U. S. 286,

51 L. ed. 488, 27 S. Ct. 288), "as to when a defendant becomes so far an actor as to submit to the jurisdiction, but we are aware of none as to the proposition that when he does become an actor in a proper sense he submits."

The defendant did not ask the court merely to refrain from taking action. She specifically asked the court to take affirmative action beneficial to her,—action that would have a direct bearing upon the evidence to be received at the hearing and the judgment to be rendered. She asked the court, in advance of the hearing, to exercise its power and determine what issues it could and would consider upon the hearing about to be had. She did not object to the court's jurisdiction over the action but over a part of the action. The very form of the motion indicates that the defendant did not object to the court hearing and determining any questions relating to the dissolution of the marriage. The defendant appeared in an action which she conceded was properly before the court, and she asked the court, before hearing proof in an inquiry about to commence, to consider and determine whether a certain part of the cause of action set forth in the complaint should or should not be dismissed. The very idea of a special appearance presupposes that the objection is leveled at the action as a whole, and not merely at a part of the action. It has been said that where a statute authorizes a special appearance, such appearance must be to the entire action, and that when a special appearance is leveled at a part of the action only, it does not constitute a special appearance within the purview of the statute. Sanford Mfg. Co. v. Western Mut. F. Ins. Co. 225 Iowa, 1018, 282 N. W. 771.

At the time the motion in question here was made, no testimony had been received and none had been offered. The obvious purpose of the motion was to obtain a ruling by the court before the hearing, and before the introduction of evidence had commenced that would eliminate from the complaint all allegations except those which related to the existence of the marriage and the grounds for a dissolution thereof, and to restrict any inquiry upon the hearing, and to restrict the judgment to be entered, accordingly. The defendant asked for affirmative action, beneficial to herself; she said to the court, "I ask you to dismiss this action in so far as any question of alimony, either temporary or permanent, is concerned."

Standard Procedure (Vol. 2, p. 506), says: "Upon the theory that a motion to dismiss for want of jurisdiction of the person is a call upon the court to exercise jurisdiction, it is held that a motion to dismiss constitutes general appearance."

When a defendant does not stop with a denial of the court's power to proceed at all but goes farther and asks the court to take affirmative action beneficial to himself,—action which would not follow as a matter of course if the court took no action at all; or when the objection leveled at the court's jurisdiction invites inquiry into a question that is not involved if there is want of jurisdiction, the appearance ceases to be special and becomes general. Yorke v. Yorke, 3 N. D. 343, 55 N. W. 1095; Gans v. Beasley, 4 N. D. 140, 59 N. W. 714; Stubbs v. McGillis, 44 Colo. 138, 96 P. 1005, 18 L.R.A.(N.S.) 405, 130 Am. St. Rep. 116. The defendant asked for affirmative action in her own favor—action more favorable than she would have been entitled to receive even if she had made, and the court had sustained, objection to the court's jurisdiction on the ground that no process had been served upon her at all.

This is not a case where a dismissal of the action would follow as a matter of course if an objection to the jurisdiction of the court over the person of the defendant were sustained. Burns v. Northwestern Nat. Bank, 65 N. D. 473, 260 N. W. 253. Where the nature of the objection to jurisdiction is such that the sustaining thereof ipso facto results in a dismissal of the proceeding or action, then the fact there is added to the objection a motion to dismiss is of no consequence because such action would follow as a matter of course upon a favorable ruling on the objection, but this is not such a case. Even if there had been no service of process, or if there had been defective service of process, and the defendant, appearing specially, had shown the want of process or of service, she would not have been entitled to a dismissal of the action or any part thereof. Everett v. Wilson, 34 Colo. 476, 83 P. 211; Bucklin v. Strickler, 32 Neb. 602, 49 N. W. 371, and McKillip v. Harvey, 80 Neb. 264, 114 N. W. 155, supra. While it would have been error for the trial court to have granted defendant's motion, the court undoubtedly had jurisdiction, that is, the court had power, to hear and decide the motion and if it had granted the motion the decision would have been binding upon both parties unless, and

until, such decision were set aside. Christenson v. Grandy, 46 N. D. 419, 426, 427, 180 N. W. 18, 22. By thus invoking the power of the court to dismiss a certain demand set forth in the complaint, the defendant submitted herself to the jurisdiction of the court. She could not in one breath ask the court to dismiss a demand set forth in the complaint, and in the next breath say that the court had no jurisdiction to consider or make any adjudication at all relating to the demand she had asked the court to dismiss. Welch v. Ayres, 43 Neb. 326, 61 N. W. 635; McKillip v. Harvey, 80 Neb. 264, 114 N. W. 155; Everett v. Wilson, 34 Colo. 476, 83 P. 211; Bucklin v. Strickler, 32 Neb. 602, 49 N. W. 371; Jones v. Andrews, 10 Wall. (U. S.) 327, 19 L. ed. 935; Gans v. Beasley, 4 N. D. 140, 59 N. W. 714; Goldstein v. Peter Fox Sons Co. 22 N. D. 636, 135 N. W. 180, 40 L.R.A.(N.S.) 566; Dallas v. Luster, 27 N. D. 450, 147 N. W. 95, and Public Serv. Commission v. Russell, 51 Wyo. 463, 68 P. (2d) 597.

The defendant, having invoked the power of the court to dismiss a part of the action, conferred jurisdiction over her person, and the court had power to render a personal judgment for alimony. However, the court did not render a personal judgment. The record discloses that the hearing and the judgment—so far as relates to support and maintenance—were restricted to the real property of the defendant within Burleigh county. The court heard proof as to the value of such property only,—property which, during the continuance of their marriage relation, the plaintiff had aided the defendant in managing and preserving. The court heard proof as to the needs of the plaintiff and the value of the properties of the defendant and the income which they produced. The court determined the amount required for the maintenance of the plaintiff, and gave to the defendant the option of paying the same, but provided that in the event of failure to so do, the plaintiff be awarded a one-fourth interest in such real property, including the income therefrom. So far as maintenance of plaintiff is concerned, the defendant's ability to pay was measured only by the value of real property of the defendant in Burleigh county and the income therefrom. By paying the amount which the court found is necessary for plaintiff's support, the defendant will retain the entire property, free and clear of any claim or interest of the plain-

tiff. If the defendant does not pay, the plaintiff receives only the interest in real property which the court adjudged should be awarded to him, namely, a one-fourth interest. The judgment may not be enforced against the defendant personally. It may be enforced only against the property described in the judgment, and then only to the extent the judgment prescribes. The option given to the defendant to pay the amount the court found was needed to provide for the maintenance of the plaintiff, and thereby release the property from the claim or interest of the plaintiff does not make the judgment a personal one. That option operates to the benefit of the defendant and not to her prejudice. If she desires, she may make payment and put an end to all plaintiff's claims or interest in the real property. If she fails to exercise the privilege to pay the amount the court found necessary for plaintiff's maintenance, plaintiff retains only the interest in the real property prescribed by the judgment. In no circumstances does the plaintiff have a personal judgment against the defendant.

BURKE, J. (dissenting). I do not agree that the summons and complaint in this action and the service thereof upon the defendant by personal service in the state of Nevada were sufficient to vest the district court with jurisdiction to decree the part of the judgment from which the defendant has appealed. The summons warns the defendant that upon his failure to answer, judgment will be rendered against him as prayed for in plaintiff's complaint. The defendant's property is mentioned in the complaint. In a general way the property is described both as to its character and its value, but it is not described with sufficient clarity to enable it to be identified. The court did not seize the property or attempt to assume control over it, by attachment or other process, at any time before the entry of judgment. Plaintiff's prayer for relief was for a divorce, alimony and such other relief as may seem just and necessary.

The defendant made an appearance which was designated as a special appearance. It reads as follows: "Comes now the defendant, Cora Strauss McLean, and appearing especially for the purpose of this motion, and for no other purpose, moves the court to dismiss this action in so far as any question of alimony, either temporary or per-

manent, is concerned, upon the ground and for the reason that the court has no jurisdiction to award the plaintiff alimony herein in that an award of alimony to the plaintiff and against the defendant would constitute a personal judgment in favor of the plaintiff and against the defendant based solely upon constructive or substituted service upon the defendant outside of the state of North Dakota and in the state of Nevada which gives this court no jurisdiction to render a personal judgment herein." I am satisfied that this appearance was in fact a special appearance. It is apparent that the defendant so intended it. It is also clear the sole ground upon which defendant's motion was based was that the service of process was insufficient to vest the court with jurisdiction to enter a personal judgment. It is only to the extent that the action would result in a personal judgment that a dismissal was asked. No question going to the merits of the case was raised. Such an appearance is special and not general. Baldwin v. Iowa State Traveling Men's Asso. (C. C. A. 8th) 40 F. (2d) 357; Wilson v. Beard (C. C. A. 2d) 26 F. (2d) 860; Yanuszauckas v. Mallory S. S. Co. (C. C. A. 2d) 232 F. 132; Hlas v. Quaker Oats Co. 211 Iowa, 348, 233 N. W. 514; Shepherd v. Starbuck, 118 Va. 682, 88 S. E. 59; Kingsley v. Great Northern R. Co. 91 Wis. 380, 64 N. W. 1036; Bishop v. Fischer, 94 Kan. 105, 145 P. 890, Ann. Cas. 1917B, 450; Deming Invest. Co. v. Ely, 21 Wash. 102, 57 P. 353.

The part of the judgment from which defendant has appealed directed the defendant to assume and pay certain "bills and accounts" of the plaintiff in the aggregate sum of $3,435.20; it required the defendant to pay to the plaintiff the sum of $100 a month for support, hospital care and medical attention; it ordered the defendant to give security for such payments; it provided that upon the failure of the defendant to give such security, the plaintiff be decreed an undivided one-fourth interest in the property of the defendant, which property was specifically described; it impressed a lien upon all of defendant's property as security for payment of the sums which defendant was required to pay and it made provision for the enforcement of the decree by a receiver to be appointed upon application with or without notice to the defendant.

It is conceded by the parties that a judgment for alimony is a

personal judgment and that the service of the summons, by personal service upon the defendant beyond the borders of this state was not sufficient to vest the trial court with jurisdiction of the defendant's person and that a personal judgment founded upon such service would be void. It is contended by the plaintiff, however, that the part of the judgment which decrees a division of the property of the defendant within the territorial jurisdiction of the court and which impresses a lien upon such property for the payment of the amounts the defendant was directed to pay to the plaintiff is a judgment in rem or quasi in rem and as such is valid even though the court had no jurisdiction of the person of the defendant.

There is no question but that a trial court in a divorce action has the power, when a divorce is granted, to make an equitable distribution of the property of the parties (N. D. Comp. Laws 1913, § 4405) and to impress the property of a party to the action with a lien to enforce payment of the sums such party has been directed to pay to the other. N. D. Comp. Laws 1913, § 4406.

There is a vast difference, however, between the existence of a power of the court in respect to a certain class of litigation and the jurisdiction of the court to exercise that power in an individual case. The power exists as a matter of law but jurisdiction to exercise the power must be acquired in each individual case by proper and due process. A court may acquire jurisdiction to give a judgment of divorce, by service of a summons by publication or by personal service of the summons without the state. N. D. Comp. Laws 1913, §§ 7428, 7431. In an action for divorce the court may also acquire jurisdiction, by constructive service, to decree a division of such of the property of the parties as may be within the territorial jurisdiction of the court or to decree that an amount found to be due from one party to the other be satisfied out of such property. 19 C. J. 288 and cases cited.

As to the essentials necessary to the acquisition of this jurisdiction there is much conflict of authority. In some jurisdictions it is held that to constitute such an action, an action in rem, and to give the defendant adequate notice of the nature of the proceedings, it is necessary that the property which it is sought to divide or charge be taken into the actual possession or control of the court prior to the entry of judgment, either by attachment, injunction or other process: Bun-

nell v. Bunnell (C. C.) 25 F. 214; Thompson v. Tanner, 53 App. D. C. 3, 287 F. 980; Thrift v. Thrift, 54 Mont. 463, 171 P. 272; Murray v. Murray, 115 Cal. 266, 47 P. 37, 37 L.R.A. 626, 56 Am. St. Rep. 97; Smith v. Smith, 74 Vt. 20, 51 A. 1060, 93 Am. St. Rep. 882; Forrester v. Forrester, 155 Ga. 722, 118 S. E. 373, 29 A.L.R. 1363; Bray v. Landergren, 161 Va. 699, 172 S. E. 252; Artman v. Artman, 111 Conn. 124, 149 A. 246; Matthews v. Matthews, 247 N. Y. 32, 159 N. E. 713; Darby v. Darby, 152 Tenn. 287, 277 S. W. 894, 42 A.L.R. 1379; Pennington v. Fourth Nat. Bank, 243 U. S. 269, 61 L. ed. 713, 37 S. Ct. 282, L.R.A.1917F 1159.

In other jurisdictions it is deemed sufficient, if the property which is being proceeded against be specifically described in the complaint and an award of or out of the specific property be prayed for. Smith v. Halton, 177 Ark. 790, 8 S. W. (2d) 437; Reed v. Reed, 121 Ohio St. 188, 167 N. E. 684, 64 A.L.R. 1384; Minor v. Marysville Land Co. 229 Mich. 72, 200 N. W. 986; Wilson v. Smart, 324 Ill. 276, 155 N. E. 288; Haddad v. Haddad, 152 Okla. 264, 4 P. (2d) 110; Allen v. Allen, 126 Ark. 164, 189 S. W. 841; Rodgers v. Rodgers, 56 Kan. 483, 43 P. 779; Holmes v. Holmes (D. C.) 283 F. 453.

In still other jurisdictions it is held that a pleading, which is not specific both as to description of property and demand that the described property be appropriated in satisfaction of the plaintiff's claim, is insufficient. Walker v. Walker, 53 Ga. App. 769, 187 S. E. 164; Boudwin v. Boudwin, 320 Pa. 147, 182 A. 536; Jackson v. Jackson (Tex. Civ. App.) 251 S. W. 520; Moss v. Fitch, 212 Mo. 484, 111 S. W. 475, 126 Am. St. Rep. 568.

I am satisfied that the great weight of authority is to the effect that, in an action for divorce, the minimum approved requisite to the acquisition of jurisdiction over property, upon constructive service, is that property within the territorial jurisdiction of the court be specifically described in the complaint and demand made for payment of plaintiff's claim out of the specific property.

Professor Beale in his Treatise on the Conflict of Laws, at page 450 states, "Since jurisdiction is over the thing only, the judgment can only run against the thing; and since no judgment is valid which is not responsive to plaintiff's claim, the proceedings must be directed against the thing. This is sometimes accomplished by a bill in which

the court is requested to seize the property and apply it in the payment of the alleged debt. But the commonest form of proceeding is by some form of attachment. . . . It must be remembered that the absent owner is entitled to notice not only that he is sued, but also that his property is in jeopardy. If he has notice merely that he is sued he may safely disregard the notice knowing that the court has no jurisdiction over him."

I do not consider that the pleading and prayer for relief, in this action, gave the defendant notice that her property was in jeopardy. I cannot believe that a defendant must presume that a demand of judgment for alimony, which is universally held to be a judgment in personam, is a demand for a judgment in rem, in a case where the defendant knows the court has no jurisdiction of his person. Section 7440, Comp. Laws of North Dakota, 1913, requires that a complaint shall contain, "A demand of the relief to which plaintiff supposes himself entitled." Plaintiff may at his option, or through inadvertence, ask for less than the whole relief to which he is entitled. If he does so, the extent of the relief granted must be limited to his demand. I think the defendant has the right to take the complaint at its face value, and to assume that relief which is not demanded may not be granted even though the court has no jurisdiction to grant that which is demanded.

The fact that the defendant has asked a trial anew, upon appeal, of questions other than his objection to the jurisdiction, does not constitute a waiver of his special appearance. This court has followed the rule that a defendant may preserve a special appearance after an adverse ruling thereon, if he manifests an intention so to do, even though he subsequently participates in a trial on the merits. Upon appeal both the questions raised by the special appearance and by the trial on the merits may be reviewed. McLean v. McLean, ante, 406, 287 N. W. 495; Burns v. Northwestern Nat. Bank, 65 N. D. 473, 260 N. W. 253; Ellingson v. Northwestern Jobbers Credit Bureau, 58 N. D. 754, 227 N. W. 360.

That part of the judgment which awards the plaintiff alimony and provides for a division of defendant's property should be reversed.